**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 3, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALFREDO MARQUEZ,

Defendant - Appellant.

No. 14-3085
(D.C. No. 2:12-CR-20066-KHV-JPO-24)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **KELLY** and **PHILLIPS**, Circuit Judges.

---

Alfredo Marquez pleaded guilty to conspiracy to manufacture, to possess with

intent to distribute and to distribute 280 grams or more of cocaine base, "crack," a

controlled substance; and to possess with intent to distribute and to distribute five

kilograms or more of a mixture and substance containing cocaine, a controlled

substance. On April 3, 2014, the district court sentenced him to 235 months of

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment.  Pursuant to the plea agreement, he waived his right to appeal any sentence that was within the guideline range determined appropriate by the court. The sentence imposed was at the low end of the applicable guideline sentencing range.  Nevertheless, Mr. Marquez filed a notice of appeal concerning his sentence. The government has moved to enforce the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, in evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." 359 F.3d at 1325.  Mr. Marquez contends that his appeal does not fall within the scope of the appeal waiver and/or that enforcement would result in a miscarriage of justice.  We disagree.

The issue Mr. Marquez proposes to raise on appeal is whether he is entitled to argue for a two level reduction in his sentence based on proposed changes in the law to reduce the drug quantity base offense level by two levels.  His argument is "based in large part on the unusual and unforeseeable circumstance of significant proposed changes in sentencing laws which occurred around the time [he] was sentenced." Resp. at 1.  Specifically, Mr. Marquez cites an April 10, 2014, news release from the U.S. Sentencing Commission which said that it "'voted unanimously to amend the [sentencing] guidelines to lower the base offense levels in the Drug Quantity Table

- 2 -

across drug types.'" *Id*. According to Mr. Marquez, the Commission stated that the changes would "'[g]enerally reduce by two levels the base offense levels for all drug types in the Drug Quantity Table in guideline 2D1.1, which governs drug trafficking cases.'" *Id*. at 1-2. He argues that "[t]hese changes in public policy were not foreseeable and were outside the scope of the waiver of appeal rights contained in the plea agreement." *Id*. at 2.

As to the first *Hahn* factor, Mr. Marquez admits that his sentence was within the appropriate guidelines range determined by the district court. But he argues that the waiver language in the plea agreement is ambiguous because it "does not [include] potential changes in the sentencing guidelines themselves or changes in the expressed policy of the Department of Justice," and should be strictly construed against the government in favor of his appellate rights. Resp. at 2.

To the contrary, the plea agreement provides that Mr. Marquez "knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. . . . In other words, [he] waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court." Plea Agmt. at 6-7. The sentence was within the appropriate guideline range determined by the court, and his proposed appeal is barred by the plain language of the agreement.

As to the other *Hahn* factor, there is no miscarriage of justice. A miscarriage of justice occurs where, among other things, "the waiver is otherwise unlawful." 359 F.3d at 1327. In turn, a waiver is "unlawful" if "the error . . . seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Mr. Marquez argues that "enforcement of the waiver would be 'otherwise unlawful' because it would result in unequal applications of the law in which similarly situated defendants receive different sentences." Resp. at 4. We fail to see how enforcing Mr. Marquez's waiver would seriously affect the fairness, integrity or public reputation of judicial proceedings. To the contrary, the sentence was in conformance with the terms of the plea agreement and the understanding expressed by Mr. Marquez at the sentencing hearing. More to the point, "plea agreements . . . represent a bargained-for understanding between the government and criminal defendants in which each side foregoes certain rights and assumes certain risks in exchange for a degree of certainty as to the outcome of criminal matters." *United States v. Porter*, 405 F.3d 1136, 1145 (10th Cir. 2005). We have recognized that "[o]ne such risk is a favorable change in the law. To allow defendants or the government to routinely invalidate plea agreements based on subsequent changes in the law would decrease the prospects of reaching an agreement in the first place, an undesirable outcome given the importance of plea bargaining to the criminal justice system." *Id.*

The motion to enforce is granted and this appeal is dismissed.

Entered for the Court
Per Curiam