**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0081n.06

Case No. 14-5475

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 27, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| DARRELL VARNER, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

**O P I N I O N**

BEFORE: BOGGS and McKEAGUE, Circuit Judges; PEARSON, District Judge.[*]

**McKEAGUE, Circuit Judge.** Darrell Varner challenges his plea agreement, claiming that it is invalid because he was not aware at the time of his plea of dashboard-camera footage that was the basis for a six-level sentencing enhancement. He also brings an ineffective-assistance-of-counsel claim. We affirm.

On the morning of March 13, 2013, Varner and his codefendant, Joseph Fuller, unsuccessfully attempted to rob a T-Mobile store in Memphis. Later that same day, they successfully robbed a different T-Mobile store before leading authorities on a multi-state, high-

---

[*]The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

speed car chase. At some point during the chase, defendants abruptly changed lanes and drove towards an officer who was deploying a spike strip on the side of the road. The officer moved to avoid being hit. Varner and Fuller were detained soon after.

The two were charged with one count of aiding and abetting attempted robbery and one count of aiding and abetting robbery, in violation of 18 U.S.C. §§ 2 and 1951; and two counts of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Varner pleaded guilty to both robbery counts and to one of the two firearm counts. The agreement set forth the minimum and maximum statutory penalties for each charge. It also contained an appeal-waiver provision under which Varner agreed not to appeal a sentence within the statutory range except for prosecutorial misconduct and ineffective assistance of counsel.

The district court held a change of plea hearing where the government read the terms of the plea agreement and provided a factual basis for the plea. Varner acknowledged that the facts were true as read and admitted his guilt. Varner also acknowledged that he was aware of the rights he was giving up and that he understood the appeal waiver. The court then explained the sentencing Guidelines and advised Varner that he could be sentenced above or below the advisory Guidelines range.

The Pre-Sentence Report ("PSR") calculated an offense level of 34 and a Guidelines range of 168 to 210 months, which included a six-level enhancement under U.S.S.G. § 3A1.2(c)(1) because the fleeing car almost hit a law enforcement officer. After receiving the PSR, the government shared with Varner's counsel the video documenting the relevant portion of the car chase. The government had not been aware of this video until Fuller's sentencing

hearing, three months after his change of plea. Varner objected to that enhancement because, he argued, he did not know at the time of his plea that this video existed.

At the sentencing hearing, the district court overruled Varner's objection and applied the six-level enhancement, resulting in a Guidelines range of 121 to 151 months for the robbery counts and a mandatory minimum of 60 months to be served consecutively for the firearms count. Varner was sentenced to concurrent 121-month terms for the robbery charges and 60 months for the firearms charge, to run consecutively. Varner now argues that his counsel's lack of knowledge of this video constituted ineffective assistance. In addition, he claims that the plea agreement was not entered into knowingly and intelligently because he could not understand the full consequences of the guilty plea without knowledge of the video.

For the ineffective-assistance claim, Varner argues that his counsel could not properly advise him of the consequences of pleading guilty without knowledge of the video. In general, we do not review ineffective-assistance-of-counsel claims on direct appeal because "there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations." *United States v. Franco*, 484 F.3d 347, 354–55 (6th Cir. 2007) (internal quotation marks and citations omitted). A well-developed factual record is vital to whether prejudice can be shown. *Id.*; *see also United States v. Aguwa*, 123 F.3d 418, 423 (6th Cir. 1997). Defendants may instead bring these claims collaterally under 28 U.S.C. § 2255, which the appeal waiver in Varner's plea agreement contemplates. There is no reason to depart from the general rule here. Because the record before us has not been adequately developed to make a determination, we abstain from ruling on this issue.

Varner also argues that his plea was not knowing and intelligent, as it must be to be valid. *United States v Dixon*, 479 F.3d 431, 434 (6th Cir. 2007) (citing *Brady v. United States*, 397 U.S.

742, 748 (1970)). The district court must verify that the defendant understands the "'applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged.'" *Id.* at 434 (quoting *United States v. Webb*, 403 F.3d 373, 378–79 (6th Cir. 2005)); *see also* Fed. R. Crim. P. 11. We review *de novo* whether a guilty plea was knowing, voluntary, and intelligent. *Dixon*, 479 F.3d at 434. The factual bases relied upon by the court below are reviewed for clear error. *Id.*

Varner's plea meets these requirements. A defendant knowingly and intelligently enters a plea when he understands, among other things, the maximum sentence he may receive at sentencing. *See United States v. Stephens*, 906 F.2d 251, 253–54 (6th Cir. 1990); *United States v. Meeks*, 290 F. App'x 896, 905 (6th Cir. 2008). The plea agreement correctly listed the statutory range of penalties and there is no indication that Varner was not aware of the nature of the charge to which he pleaded or of the consequences of his plea. *See Brady*, 397 U.S. at 448; *Pickens v. Howes*, 549 F.3d 377, 380 (6th Cir. 2008). Varner explicitly acknowledged that he was aware of that sentencing range, and there were no "'affirmative misstatements of the maximum possible sentence.'" *Dixon*, 479 F.3d at 435 (quoting *Pitts v. United States*, 763 F.2d 197, 201 (6th Cir. 1985)). It does not matter, therefore, that he may not have been aware of certain evidence that would support a sentencing enhancement.

Because Varner knowingly and intelligently entered the plea, the plea agreement is valid and he has waived his right to appeal this sentence, which is within the statutory range. We will not consider his ineffective assistance claim on direct review. For these reasons, we affirm.