FILED
United States Court of Appeals
Tenth Circuit

June 17, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

VICTOR HURTADO,

    Defendant - Appellant.

No. 16-2021
(D.C. No. 1:15-CR-01506-JB-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **GORSUCH**, and **MORITZ**, Circuit Judges.
_____

After he robbed a pharmacy at gunpoint to obtain oxycodone, Victor Hurtado pled guilty to interference and conspiracy to interfere with interstate commerce by robbery and violence in violation of 18 U.S.C. § 1951(a), brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c), and possession with intent to distribute oxycodone in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The district court sentenced him to 141 months in prison, followed by five years of supervised release.

_____

[*] This panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In his plea agreement, Mr. Hurtado waived his right to appeal or collaterally attack his convictions and sentence, except he reserved the right to file a collateral attack based on ineffective assistance of counsel. Despite this broad waiver, he filed this appeal seeking to challenge his § 924(c) conviction as constitutionally invalid in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

The government has moved to enforce the appeal waiver in the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). *Hahn* instructs us to enforce appeal waivers as long as three conditions are met: (1) the matter on appeal falls within the scope of the waiver; (2) the defendant knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver will not result in a miscarriage of justice. *Id.* at 1325. The government's motion addresses each of these conditions and why they are satisfied.

Mr. Hurtado's court-appointed counsel has not requested permission to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967),[1] but in the response he filed on behalf of Mr. Hurtado he agreed with the government that the appeal waiver applies such that "the appeal should be dismissed, in accord with the bargain struck in the district court between the government and defendant." Resp. to Mot. to Enforce at 2. We gave Mr. Hurtado notice of his counsel's position and directed him

---

[1] Counsel did move to withdraw after filing the notice of appeal, believing that Mr. Hurtado was going to hire new counsel. We denied his motion without prejudice for failing to meet the requirements of 10th Cir. R. 46.4(A)—a task complicated by counsel's inability to reach Mr. Hurtado while he was in transit within the Bureau of Prisons. New counsel never materialized.

to file a response showing why this court should not enforce the waiver. The deadline for doing so has passed, with no response from Mr. Hurtado.

Having independently and thoroughly reviewed the record per *Anders*, *see* 386 U.S. at 744, we conclude that Mr. Hurtado does not have a non-frivolous response to the government's motion. The government unequivocally establishes that the appeal falls within the scope of the waiver, the waiver was knowing and voluntary, and enforcing the waiver will not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325. We therefore grant the government's motion to enforce and dismiss the appeal.

Entered for the Court
Per Curiam
