RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 17a0061p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JERMAINE MORRISON,

*Defendant-Appellant.*

No. 16-5452

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 2:15-cr-20115—John Thomas Fowlkes, Jr., District Judge.

Decided and Filed: January 25, 2017[*]

Before: COLE, Chief Judge; COOK and WHITE, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** David M. Bell, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Memphis, Tennessee, for Appellant. Marques T. Young, UNITED STATES ATTORNEY'S OFFICE, Memphis, Tennessee, for Appellee.

_____

**OPINION**

_____

COOK, Circuit Judge. Jermaine Morrison pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). In a written plea agreement, Morrison waived his right to appeal "any sentence imposed by the Court . . . so long as it is within the applicable guideline range, or lower, whatever that guideline range might be." Morrison appealed, arguing

---

[*]This decision was originally filed as an unpublished opinion on January 25, 2017. The court has now designated the opinion for full-text publication.

that a change in the law entitles him to a reduced sentence and renders his appeal waiver unenforceable. Because we enforce the waiver as written, we dismiss Morrison's appeal.

**I.**

At sentencing, the prosecutor argued that Morrison's prior conviction for Tennessee aggravated burglary qualified as a "crime of violence," setting his applicable Guidelines range at 77 to 96 months' imprisonment. Although Morrison opposed the government's classification, his objection never stood a chance. At the time the district court sentenced Morrison, the Sentencing Guidelines defined "crime of violence" to include "burglary of a dwelling."[1] USSG §§ 2K2.1 & cmt. n.1), 4B1.2(a) (2015). Additionally, in *United States v. Ozier*, this court held that although Tennessee's aggravated-burglary statute criminalizes more conduct than "generic" burglary under the Guidelines, the statute is "divisible"—i.e., lists multiple offenses in the alternative. 796 F.3d 597, 600–03 (6th Cir. 2015). That being so, we permitted courts to review a "limited class of documents . . . to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 600 (omission in original) (quoting *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013)), *abrogated by Mathis v. United States*, 136 S. Ct. 2243 (2016). Bound by *Ozier* and the version of the Guidelines in effect at the time of sentencing, the district court examined Morrison's plea colloquy from his earlier conviction and, after determining that he had burglarized a "dwelling," overruled Morrison's objection and imposed a 96-month sentence.

Morrison appealed. While his appeal was pending, two legal developments cast doubt on Tennessee aggravated burglary's classification as a crime of violence. First, the Supreme Court in *Mathis v. United States* clarified what makes a statute divisible, abrogating *Ozier*. *See Mathis*, 136 S. Ct. at 2251 & n.1. Second, we granted rehearing en banc to decide whether Tennessee's aggravated-burglary statute criminalizes more conduct than generic burglary under the Armed Career Criminal Act, and if so, whether it is divisible in light of *Mathis*. *United States v. Stitt*, 646 F. App'x 454 (6th Cir. 2016) (Mem.). *Stitt* is currently pending before the court.

---

[1]The Sentencing Commission recently removed "burglary of a dwelling" from the list of enumerated crimes of violence, but that change did not take effect until August 1, 2016—four months after the district court imposed its sentence. 81 Fed. Reg. 4741, 4742 (2016).

**II.**

On appeal, Morrison argues that Tennessee aggravated burglary no longer qualifies as a crime of violence under the Guidelines and asks to be resentenced. But before addressing the merits, we must determine whether Morrison's appeal waiver forecloses our consideration of his request. It does.

We will enforce an appeal waiver included in a plea agreement when the agreement is made knowingly and voluntarily. *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012) (citing *United States v. Fleming*, 239 F.3d 761, 764 (6th Cir. 2001)). Morrison may challenge his waiver of appeal rights only "on the grounds that it was not knowing and voluntary, was not taken in compliance with Fed. R. Crim. P. 11, or was the product of ineffective assistance of counsel." *United States v. Detloff*, 794 F.3d 588, 592 (6th Cir. 2015) (quoting *United States v. Atkinson*, 354 F. App'x 250, 252 (6th Cir. 2009)).

Here, Morrison makes no effort to undermine the voluntariness of his plea agreement, nor does he assert a violation of Federal Rule of Criminal Procedure 11. Our independent review of Morrison's plea hearing confirms that he voluntarily waived his appellate rights. The district court informed Morrison that he was giving up his right to appeal any sentence within the Guidelines range, and explained the few narrow exceptions to that waiver (ineffective-assistance-of-counsel or prosecutorial-misconduct claims). When asked if he understood, Morrison said "Yes, sir."

Morrison instead relies on the change wrought by *Mathis* to maintain that he could not knowingly waive his right to appeal. It is well settled, however, that a change in law cannot render a plea agreement unknowing. *See Brady v. United States*, 397 U.S. 742, 757 (1970); *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005) ("[W]here developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature."). This rule reflects the sound judgment that a plea agreement, like any other contract, allocates risk. *Bradley*, 400 F.3d at 464. By waiving the right to appeal, a defendant assumes the risk that a shift in the legal landscape may engender buyer's remorse. *Id.*; *see also United States v.*

*Morgan*, 406 F.3d 135, 137 (2d Cir. 2005) ("The possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.").

Accordingly, courts will enforce appeal waivers even when a legal development makes it likely that the defendant would receive a lower sentence were the defendant resentenced under the new law, and even when the legal change affects constitutional rights. For example, when the Sentencing Commission lowered the base offense levels for many drug offenses in 2008 and 2014, defendants who waived their right to appeal could not benefit from the change. *See, e.g.*, *United States v. Ellison*, No. 16-5085, 2016 WL 6818855, at *2 (6th Cir. Nov. 18, 2016) (per curiam); *United States v. Marquez*, 570 F. App'x 816, 818–19 (10th Cir. 2014) (per curiam); *United States v. Polly*, 630 F.3d 991, 1002 (10th Cir. 2011). Similarly, after the Supreme Court voided for vagueness the "residual clause" in the ACCA's definition of "violent felony," *see Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015), courts routinely enforced the appeal waivers of prisoners who stood to benefit. *See, e.g.*, *Sanford v. United States*, 841 F.3d 578, 579–80 (2d Cir. 2016) (per curiam); *In re Garner*, No. 16-1655, 2016 WL 6471761, at *2 (6th Cir. Nov. 2, 2016); *United States v. Hurtado*, No. 16-2021, 2016 WL 3410270, at *1 (10th Cir. June 17, 2016) (per curiam); *United States v. Bey*, 825 F.3d 75, 83 (1st Cir. 2016); *United States v. Blackwell*, 651 F. App'x 8, 10 (2d Cir. 2016) (per curiam); *United States v. Ford*, 641 F. App'x 650, 651 (8th Cir. 2016) (per curiam). Although Morrison understandably regrets waiving his appellate rights in light of *Mathis* and *Stitt*, his "lack of clairvoyance cannot undo [that] decision." *In re Garner*, 2016 WL 6471761, at *2.

In an effort to circumvent his appeal waiver's preclusive effect, Morrison invokes *United States v. McBride*, 826 F.3d 293 (6th Cir. 2016). In *McBride*, the defendant's plea agreement included an "understanding" that he would be sentenced as a career offender because "he ha[d] at least two prior crime of violence convictions." *Id.* at 294 (alteration in original). McBride appealed his sentence following *Johnson*, arguing that his prior offense for bank robbery no longer qualified as a crime of violence. *Id.* at 295. Although we recognized that McBride's consent to his career-offender designation would normally waive his right to challenge it on appeal, we nonetheless reviewed for plain error, reasoning that "McBride could not have intentionally relinquished a claim based on *Johnson*[.]" *Id.*

But the *McBride* plea agreement, unlike the one here, did not include an appeal waiver; McBride simply agreed that he qualified as a career offender.  Looking past the waiver-inducing effect of such a concession makes sense in those circumstances—after all, McBride could not "have intentionally relinquished" a *Johnson*-based challenge to his career-offender designation "considering [*Johnson*] was decided after [he was] sentenced." *United States v. Stines*, 313 F.3d 912, 917 (6th Cir. 2002); *see also McBride*, 826 F.3d at 295.  Morrison, on the other hand, could and did intentionally relinquish his right to appeal.  In doing so, he assumed the risk that he would be denied the benefit of future legal developments.  *See, e.g.*, *In re Garner*, 2016 WL 6471761, at *2.

Moreover, even if the district court erred in finding that Tennessee aggravated burglary qualified as a crime of violence, its conclusion was "harmless and do[es] not require a remand for re-sentencing." *United States v. Ward*, 506 F.3d 468, 476 (6th Cir. 2007).  If the record shows that the district court would have imposed its sentence regardless of the Guidelines range, then an error in calculating the Guidelines range is harmless. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016).  Here, in fixing Morrison's sentence at 96 months' confinement, the top of Morrison's Guidelines range, the district court emphasized that the offense was "extremely dangerous and egregious" and that "domestic violence is prevalent" throughout Morrison's criminal history.  The district court stated that had it determined that aggravated burglary was not a crime of violence, it would have varied upward and ended up with the same Guidelines range.[2]  Since the district court would have sentenced Morrison to 96 months without regard to whether his conviction for Tennessee aggravated burglary qualifies as a crime of

---

[2]The district court explained:

> At the outset I will say this, I was considering an upward departure and/or an upward variance.  That's because I was facing two different guideline ranges.  I've now made the decision that the 77 to 96 months is the appropriate sentence given the record before me.  And so I'm not going to make an upward departure or variance in that regard.

> Had I ruled the other way on the aggravated burglary, and we had the lower sentencing range, I would have varied upward or taken advantage of 5K2.6 and the use of a firearm, which in this court's mind is not adequately taken into account with the cross-reference to reckless endangerment.  And I would have made an upward variance and/or a departure and the type of sentence that we're talking about and the range would come – have come back into play.  So I just want that to be clear for the record.

violence, the alleged error in calculating the Guidelines range would not entitle Morrison to resentencing in any event.

In short, *McBride* does not disturb the general rule that appeal waivers remain enforceable despite changes in the law. *In re Garner*, 2016 WL 6471761, at \*2 (discussing *McBride* and enforcing an appeal waiver akin to Morrison's despite a change in law). We discern no reason to depart from that rule.

We accordingly dismiss Morrison's appeal.