RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0243p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

BRENDA MONTGOMERY,

*Defendant-Appellant*.

No. 19-6038

─────────────────

On Petition for Panel Rehearing.

United States District Court for the Middle District of Tennessee at Nashville;
No. 3:18-cr-00077-2—William Lynn Campbell, Jr., District Judge.

Decided and Filed: August 5, 2020

Before: MOORE, SUTTON, and WHITE, Circuit Judges.

─────────────────

**COUNSEL**

**ON PETITION FOR PANEL REHEARING:** Richard W. Westling, Clay Lee, EPSTEIN, BECKER & GREEN, P.C., Nashville, Tennessee, for Appellant. **ON RESPONSE:** Javier A. Sinha, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

The panel delivered the ruling of the court. MOORE, J., delivered a separate opinion in which WHITE, J., joined.

─────────────────

**ORDER**

─────────────────

KAREN NELSON MOORE, Circuit Judge. We deny panel rehearing in this case. We write, however, to observe that Brenda Montgomery raised an interesting argument for the

first time in her petition for panel rehearing, after we already had rendered our decision denying her request for resentencing.

In our decision on appeal, we held that the district court miscalculated the Sentencing Guidelines range for Mongtomery's sentencing, but explained that we must affirm the district court's sentence if "the record shows that the district court would have imposed its sentence regardless of the Guidelines range." *United States v. Montgomery*, No. 19-6038, 2020 WL 3068461, at *2 (6th Cir. June 10, 2020) (quoting *United States v. Morrison*, 852 F.3d 488, 491 (6th Cir. 2017)). We determined that the error indeed was harmless in this case based on certain features of Montgomery's sentencing hearing.

One feature of the sentencing hearing was that, near its close, the district court stated, "If the guideline calculation is determined to have been wrong, the Court would have imposed the same sentence under Section 3553(a) considering those factors as a whole." R. 300 (Sent'g Hr'g Tr. at 68) (Page ID #8934). We counted that pledge as a point in favor of harmless error, noting that we have done the same in similar cases. *Montgomery*, 2020 WL 3068461, at *2 (citing *Morrison*, 852 F.3d at 491; *United States v. McCarty*, 628 F.3d 284, 294 (6th Cir. 2010); *United States v. Obi*, 542 F.3d 148, 156 (6th Cir. 2008); *United States v. Ward*, 506 F.3d 468, 477 (6th Cir. 2007); *United States v. Cobb*, 766 F. App'x 226, 231 (6th Cir. 2019); *United States v. Steel*, 609 F. App'x 851, 854–55 (6th Cir. 2015)).

Montgomery, however, points out that the district court's statement is part of its standard sentencing colloquy, *even in cases where the parties do not object to the Sentencing Guidelines calculation. See, e.g.*, *United States v. Suggs*, No. 3:18-cr-00099-1 (M.D. Tenn. Aug. 9, 2019), R. 107 (Sent'g Hr'g Tr. at 4, 20) (Page ID #1068, 1084); *United States v. Johnson*, 3:18-cr-00058-1 (M.D. Tenn. Jun. 7, 2019), R. 78 (Sent'g Hr'g Tr. at 7, 22) (Page ID #250, 265). We see no reason why we should give any weight to boiler-plate language designed to thwart a deserved resentencing. The purpose of our harmless-error analysis is to avoid the efficiency cost of resentencing in cases where we are absolutely certain that the district court would have announced the same sentence had it not erred. *See United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005). That aim plainly is not served by a standard-issue pledge that the district

court would have come to the same result under the § 3553(a) factors had it calculated the Guidelines range correctly.

Again, though, Montgomery failed to raise this argument in her initial briefing and has brought it to our attention only on petition for panel rehearing. Unfortunately for Montgomery, her argument came too late and is inappropriate for our consideration at this stage. Therefore, we must stand by our original reasoning and disposition in this case, and we write simply to voice our skepticism that a standard sentencing colloquy like the one at issue here should weigh into our harmless-error analysis in future cases.