NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0204n.06

**No. 20-5576**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 20, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
| | ) | |
| ROBERT J. MCGOUGH, | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |

BEFORE:     KETHLEDGE, STRANCH, and NALBANDIAN, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.**  Robert McGough appeals his 37-month sentence imposed after he pleaded guilty to failing to register as a sex offender as required by the Sex Offender Registration and Notification Act (SORNA).  During sentencing, the district court classified McGough as a Tier II sex offender with a Guidelines range of 30-37 months.  McGough contends—and the Government agrees—that the district court should have classified him as a Tier I sex offender, which carries a Guidelines range of 24-30 months.  We **VACATE** McGough's sentence and **REMAND** to the district court for resentencing.

## I.   BACKGROUND

### A.   Factual Background

In 1998, Robert J. McGough—then 22 years-old—was convicted of corruption of a minor in Ohio, after engaging in sexual intercourse with a 13-year-old girl.  This conviction required McGough to register as a sex offender under SORNA, 18 U.S.C. § 2250(a).  Since his 1998

1

conviction, McGough has failed to register as a sex offender on several occasions. While still on supervised release in Alabama for his last conviction for failure to register, McGough abandoned his residence and moved to Tennessee. McGough did not update his registration with the Tennessee Bureau of Investigation as required by SORNA and was indicted for failure to register as a sex offender in the Middle District of Tennessee.

### B.      Procedural Background

McGough pleaded guilty to failing to register as a sex offender. The Presentence Investigation Report (PSR) classified McGough as a Tier II sex offender. A Tier II classification corresponds to a U.S. Sentencing Guidelines base level of 14, a higher offense level than a Tier I sex offender. With a criminal history category of VI, McGough's Guidelines range was 30-37 months. Neither party objected to the PSR's calculation, and the district court sentenced McGough to 37 months' imprisonment. McGough appealed.

## II.      ANALYSIS

The Government honestly and helpfully concedes that McGough was incorrectly classified as a Tier II sex offender. Both parties acknowledge that "[i]ncorrectly classifying a defendant as a Tier II[] sex offender is plain error." *United States v. Barcus*, 892 F.3d 228, 231 (6th Cir. 2018) (citing *United States v. Stock*, 685 F.3d 621, 629 (6th Cir. 2012)).

"A defendant may be classified as a Tier II[] sex offender under SORNA if the defendant has a state-law conviction that is the same as or comparable to a specified federal offense." *Id.* Here, the relevant Ohio statute, corruption of a minor, is broader than the most closely associated federal offense, abusive sexual conduct. *Compare* Ohio Rev. Code Ann. § 2907.04(A) (1998), *with* 18 U.S.C. § 2244 *and* 18 U.S.C. § 2246(3). The Ohio statute is a strict liability offense. *See State v. Jackson,* 2010 WL 2635062, ¶ 38 (Ohio Ct. App. 2010) ("Ohio courts have repeatedly

recognized that no mens rea is necessary for the element of engaging in sexual conduct under R.C. 2907.04(A); it is a strict liability element."); *see also State v. McGinnis*, 2008 WL 4831450, ¶¶ 27-30 (Ohio Ct. App. 2008) (recognizing that engaging in unlawful sexual conduct with a minor is a strict liability offense). In contrast, the federal offense requires specific intent "to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." *Barcus*, 892 F.3d at 232 (quoting 18 U.S.C. § 2246(3)). Applying the categorical approach, the state offense is broader as it criminalizes conduct that may not be unlawful under federal law. McGough therefore should have been classified as a Tier I offender.

An incorrect Guidelines calculation is rarely a harmless error. *United States v. Anderson*, 526 F.3d 319, 330 (6th Cir. 2008). Although the district court stated that it "would have imposed the same sentence under Section 3553(a)," this "boiler-plate language" is not enough to "thwart a deserved resentencing." *United States v. Montgomery*, 969 F.3d 582, 583 (6th Cir. 2020). Because McGough's Guidelines range was not disputed at sentencing and we cannot be "absolutely certain that the district court would have announced the same sentence had it not erred", *id.*, we remand for resentencing.

Here, remand requires more than a "technical revision," so resentencing should be open-ended and in McGough's presence. *United States v. Woodside*, 895 F.3d 894, 904 (6th Cir. 2018) (Stranch, J., concurring) (quoting *United States v. Bryant*, 643 F.3d 28, 32 (1st Cir. 2011)). In light of "COVID-19 and the present difficulties in transportation," however, McGough has expressed his desire not to return to the district court for a new sentencing hearing.[1] Instead,

---

[1] Fed. R. Crim. P. 43 affords a defendant the opportunity to be present at resentencing. *United States v. Garcia-Robles*, 640 F.3d 159, 164–65 (6th Cir. 2011). However, this right may be waived. *Id.* at n. 2 (citing *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir.2004) ("It is well settled that a defendant in a criminal case may waive any right, even a constitutional right[.]").

McGough requests modified resentencing proceedings that will allow both parties to file resentencing memoranda, rehabilitation documentation, and post-sentencing developments, but do not require him to participate in person. Due to the COVID-19 outbreak, sentencings scheduled before a district judge in the Middle District of Tennessee may be conducted in person or by video or telephone conferencing. *See* M.D. Tenn. A.O. No. 209-11, 5 (Feb 25, 2021). We grant the modified resentencing procedures requested by McGough and entrust the practical details to the district court.

## III.    CONCLUSION

For the reasons discussed above, we **VACATE** McGough's sentence and **REMAND** his case to the district court for resentencing in accordance with this opinion.