NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0235n.06

Case No. 23-5634

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jun 04, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| DARRELL VARNER | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| UNITED STATES OF AMERICA, | ) | TENNESSEE |
| Respondent-Appellee. | ) | OPINION |
| | ) | |

Before: SUTTON, Chief Judge; McKEAGUE and BUSH, Circuit Judges.

SUTTON, Chief Judge. Darrell Varner pleaded guilty to using a firearm during a "crime of violence" after he attempted to rob a T-Mobile store. He moved to vacate his sentence after the Supreme Court decided *United States v. Taylor*, 596 U.S. 845 (2022). Because Varner waived the right to challenge his sentence collaterally, we dismiss his appeal.

I.

In 2013, Darrell Varner and an accomplice entered a T-Mobile store in Memphis, Tennessee. Once inside, Varner pulled a gun on the store clerk and demanded she hand over the store's cell phones. The clerk did not have the keys to the room where the phones were stored, prompting Varner and his accomplice to leave. Later that day, the pair went to another T-Mobile store, where Varner's accomplice pulled a gun and ordered the employees to hand over the store's cell phones. This time, it worked. The duo left in their car with four bags of cell phones. The store

employees took down the car's license plate and notified the police. Varner and his accomplice eventually led the police on a multistate car chase that ended in their arrests.

A grand jury indicted Varner on four charges: (1) aiding and abetting an attempted Hobbs Act robbery, 18 U.S.C. § 1951; (2) using and carrying a firearm during a crime of violence (for the attempted robbery), *id.* § 924(c); (3) aiding and abetting a Hobbs Act robbery, *id.* § 1951; and (4) using and carrying a firearm during a crime of violence (for the successful robbery), *id.* § 924(c). In exchange for dropping the final charge—using and carrying a firearm during the completed robbery—Varner pleaded guilty to counts one through three. As part of the deal, Varner "knowingly and voluntarily waive[d] his right to file an action pursuant to Section 2255," except for claims based on prosecutorial misconduct or ineffective assistance of counsel. R.53 at 3.

Before accepting the plea deal, the district court ensured that Varner read the agreement, understood its terms, and discussed it with his lawyer. The court explained Varner's rights, including the right to pursue postconviction relief, and warned that by pleading guilty, Varner would relinquish them. Varner said he understood and that he accepted the plea deal "freely and voluntarily." R.75 at 28. The district court agreed. It sentenced Varner to 181 months in prison. Varner appealed, arguing that his plea was unknowing and that his counsel was ineffective. *United States v. Varner*, 598 F. App'x 389, 391 (6th Cir. 2015). We ruled that he knowingly and intelligently entered his plea. *Id.* at 392. We then followed our conventional practice of waiting for a § 2255 motion before ruling on the ineffective-assistance claim. *Id.*

Varner filed a motion to vacate, set aside, or correct his sentence, challenging the effectiveness of his counsel. 28 U.S.C. § 2255. While his motion was pending, the Supreme Court decided *United States v. Taylor*, which held that attempted Hobbs Acts robbery does not qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). *See* 596 U.S. at 860. Varner argued that

2

the court should vacate his conviction for count two—using and carrying a gun during the attempted robbery—because *Taylor* pulled the legs out from his attempted robbery conviction. The district court rejected the ineffective-assistance claim on the merits. It reasoned that Varner's counsel performed reasonably, and that Varner could not show prejudice because he lacked a viable defense and the plea deal dismissed a potential 25-year mandatory sentence for count four. It separately rejected Varner's *Taylor* claim based on the collateral-review waiver in his plea agreement.

## II.

This case begins and ends with Varner's collateral-review waiver. *See Portis v. United States*, 33 F.4th 331, 334 (6th Cir. 2022). Defendants may waive any right, constitutional or statutory, through a plea agreement. *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005). That includes rights "that courts may recognize in the future." *Id.* A plea agreement remains valid even if "later judicial decisions indicate that the plea rested on a faulty premise." *Brady v. United States*, 397 U.S. 742, 757 (1970). "[F]uture changes in law do not vitiate collateral-challenge waivers." *Portis*, 33 F.4th at 335. Of course, the defendant must enter the plea knowingly and voluntarily. *United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017). It cannot result from ineffective assistance of counsel. *United States v. Detloff*, 794 F.3d 588, 592 (6th Cir. 2015). And the district court must comply with the Federal Rules of Criminal Procedure when accepting it. *See* Fed. R. Crim. P. 11. But subsequent "developments in the law" do not by themselves "undo its binding nature." *Bradley*, 400 F.3d at 463.

Varner's plea agreement and collateral-challenge waiver require dismissal. We have already ruled that he entered the plea deal knowingly and voluntarily, *Varner*, 598 F. App'x at 392, and Varner does not challenge that decision here. Varner has not argued that the district court

failed to comply with Rule 11. And Varner has not raised an ineffective-assistance claim here. Varner's *Taylor* challenge also falls within the scope of his collateral waiver, a point Varner does not dispute. His plea agreement thus precludes this claim. *See Portis*, 33 F.4th at 339 (dismissing § 2255 challenge to a § 924(c) conviction based on a collateral-review waiver); *Stewart v. United States*, No. 22-6060, 2023 WL 8525593, at *2 (6th Cir. Dec. 8, 2023) (same); *cf. Morrison*, 852 F.3d at 491 (collecting similar cases).

In urging us to overlook his collateral-review waiver, Varner points to two cases in which we vacated convictions under § 924(c) when the predicate offenses involved attempted Hobbs Act robberies. *See Wallace v. United States*, 43 F.4th 595, 601 (6th Cir. 2022); *United States v. Young*, No. 20-6280, 2022 WL 3274167, at *12 (6th Cir. Aug. 11, 2022). Neither case, however, involved a collateral-review waiver and thus neither one bears on today's dispute.

Varner urges us to adopt a miscarriage-of-justice exception that would permit us to sidestep collateral waivers like this one. We have never embraced a miscarriage-of-justice exception to an appeal or collateral-review waiver. *Portis*, 33 F.4th at 339. A few unpublished opinions have mentioned the idea in dicta "and even then only as a possible, not a given, exception." *Id.*; *see United States v. Mathews*, 534 F. App'x 418, 424–25 (6th Cir. 2013) (per curiam). No such exception exists.

But even if such an exception existed, and even if it permitted us to override valid appeal and collateral-review waivers, it would not apply here. Recall that the grand jury indicted Varner for two counts of knowingly using and carrying a firearm during a crime of violence—one count for the attempted robbery, another for the completed robbery. The United States dismissed the second count as part of the plea deal. And *Taylor* did not disturb our caselaw that completed Hobbs Act robbery qualifies as a crime of violence. *See* 596 U.S. at 851; *United States v. Gooch*,

850 F.3d 285, 292 (6th Cir. 2017); *United States v. Meredith-Hill*, No. 23-3409, 2024 WL 509611, at *2 (6th Cir. Feb. 9, 2024).  Varner, in other words, got the benefit of his bargain.  *See Bradley*, 400 F.3d at 464–65; *cf. Witham v. United States*, 97 F.4th 1027, 1032–34 (6th Cir. 2024).  He thus has not suffered a miscarriage of justice that would justify ignoring his collateral waiver.

We dismiss the appeal.