# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 9, 2010

No. 09-50942
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

GRADY MICHAEL RILEY,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-820-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Grady Michael Riley appeals the 78-month sentence he received following his guilty-plea conviction for possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). He seeks to challenge the reasonableness of the sentence imposed, specifically arguing that the district court erred in refusing to vary below the guidelines range in his case. The Government argues that the appeal is barred by the appeal waiver in Riley's plea agreement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For a defendant's waiver of his right to appeal to be knowing and voluntary, the defendant must know that he had a right to appeal his sentence and that he was relinquishing that right. *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). A waiver is both knowing and voluntary if the defendant "indicated that he had read and understood the plea agreement, which includes an explicit, unambiguous waiver of appeal." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). As part of the plea colloquy, the district court must address the defendant in open court and determine whether the defendant understands the waiver provision. *See* FED. R. CRIM. P. 11(b)(1)(N). We review the validity of an appeal waiver de novo. *United States v. Burns*, 433 F.3d 442, 445 (5th Cir. 2005).

Riley waived his right to appeal his sentence on any ground and further waived his right to collaterally challenge his sentence except for claims of prosecutorial misconduct or ineffective assistance. Riley signed the plea agreement, indicating that he had read and reviewed it with counsel and that he understood the agreement and voluntarily agreed to its terms. At rearraignment, the magistrate judge specifically admonished him about the waiver provision. Riley stated that he understood, and he did not express any confusion or misgivings concerning the appeal waiver. The record thus establishes that Riley's waiver was knowing, voluntary, and enforceable. *See Portillo*, 18 F.3d at 292-93; FED. R. CRIM. P. 11(b)(1)(N).

For the first time in his reply brief, Riley contends that the waiver should not bar his appeal because the failure to consider his claim will result in a miscarriage of justice. We decline to consider the argument. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 n.2 (5th Cir. 2006) ("[T]his Court will not ordinarily consider arguments raised for the first time in a reply brief."). Even if we were to consider it, the argument lacks merit. This court routinely has ruled that issues waived in a valid, enforceable appeal waiver need not be considered. *See, e.g.*, *United States v. Bond*, 414 F.3d 542, 546 (5th Cir. 2005);

*McKinney*, 406 F.3d at 747.  Moreover, we need not determine whether we should adopt a miscarriage-of-justice exception to the enforcement of appeal waivers because Riley's substantive claim is a relatively standard challenge to the district court's refusal to vary below the guidelines range that would not fall within a miscarriage-of-justice exception.  *See United States v. Andis*, 333 F.3d 886, 891-92 (8th Cir. 2003); *United States v. Khattak*, 273 F.3d 557, 562-63 (3d Cir. 2001).  Riley "is bound to his obligations under the plea agreement," and the appeal waiver bars his appeal.  *See McKinney*, 406 F.3d at 747.

AFFIRMED.