# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2020

Lyle W. Cayce
Clerk

No. 20-10493

United States of America,

*Plaintiff—Appellee*,

*versus*

Marlon Javier Portillo-Palencia,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC 6:19-CR-037-H

Before Jolly, Southwick, and Wilson, *Circuit Judges*.

Per Curiam:*

While in detention for illegal entry to the United States, Marlon Javier Portillo-Palencia pled guilty to the assault of Officer Johnny Castanuela, an on-duty Immigrations and Customs Enforcement (ICE) officer. Portillo-Palencia's plea agreement included an appeal waiver. Prior to sentencing, the district court adopted a presentence report (PSR) without objection from

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10493

either party. Based on the PSR, the district court imposed a within-guidelines sentence of 18 months of imprisonment followed by two years of supervised release.

On appeal, Portillo-Palencia contends that: (1) this court should adopt a miscarriage-of-justice exception to otherwise-valid waivers of appellate review contained in plea agreements, (2) the district court committed a miscarriage of justice during sentencing in this case, and (3) the district court's sentence constitutes plain error. We decline to adopt such an exception and otherwise AFFIRM the district court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Portillo-Palencia unlawfully arrived in the United States from Honduras on July 5, 2019, claiming asylum. On July 12, 2019, Portillo-Palencia was convicted of illegal entry in the Western District of Texas, sentenced to time served, and taken into custody. Portillo-Palencia then withdrew his asylum claim and was detained pending removal to Honduras.

On August 26, 2019, a detention officer informed Portillo-Palencia that he was to be placed in administrative segregation pending the outcome of three disciplinary write-ups that occurred at the detention center. The detention officer then instructed him to be handcuffed, and Portillo-Palencia refused. Portillo-Palencia became so combative that several officers were needed to place him under control on the floor. Once controlled, the officers put a set of leg restraints on Portillo-Palencia's feet and assisted him in standing up. When ICE Officer Castanuela responded to the scene, Portillo-Palencia head-butted Castanuela and struggled against the other officers, who again attempted to restrain Portillo-Palencia.

Castanuela did not suffer any visible injuries and did not seek medical treatment after the altercation with Portillo-Palencia. But two other officers

did.  Officer A. Gutierrez severely injured his right ring finger, and Officer Victor Sandoval was referred to the emergency room, where he was diagnosed with a sprained ankle and prescribed pain medication.

Portillo-Palencia was indicted on September 11, 2019, and charged with two counts of assault in violation of 18 U.S.C. § 111(a)(1) and § 111(b).  The indictment listed Castanuela and Sandoval as victims.

The United States Attorney filed a Superseding Information on December 13, 2019, to which Portillo-Palencia ultimately pled guilty.  In the one-count Superseding Information, the government dropped the assault charge based on Sandoval's injuries and only charged Portillo-Palencia with assault against Castanuela.

Portillo-Palencia pled guilty pursuant to a plea agreement.  The plea agreement contained an appeal waiver, which states:

> The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court.  The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.  The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

Prior to sentencing, a probation officer compiled a PSR.  The PSR calculated Portillo-Palencia's offense level as follows:  The base offense level

No. 20-10493

was 10 under U.S.S.G. §2A2.4(a).  Additionally, because the offense involved physical contact, the offense level was increased by three, pursuant to U.S.S.G. §2A2.4(b)(1).  Finally, Portillo-Palencia was subject to an additional two-level increase pursuant to U.S.S.G. §2A2.4(b)(2), because the victim sustained bodily injury.  In total, this calculation provided for an adjusted offense level of 15.  But because Portillo-Palencia accepted responsibility for the offense, his offense level was decreased by two, to 13.  U.S.S.G. §3E1.1(a).  The total offense level of 13, combined with a criminal history category of I, yielded a guideline imprisonment range of 12–18 months with up to three years of supervised release.  The PSR also acknowledged that "[t]he [c]ourt shall consider all the factors listed in 18 U.S.C. § 3553(a), as well as any information provided pursuant to 18 U.S.C. § 3661, in determining the applicability of a guideline sentence versus the imposition of a non-guideline (variance) sentence."

Neither party objected to the PSR, and both parties agreed to the accuracy of its contents.  During sentencing, the district court stated, "[i]n the process of being stood up, you head-butted a federal officer, and then you began struggling with the other officers.  In all, three officers were assaulted or otherwise sustained injury from this interaction with you, with one seeking treatment."  The district court then imposed a within-guidelines sentence of 18 months of imprisonment followed by two years of supervised release.

Portillo-Palencia now appeals his sentence to this court.  Although his plea agreement included a valid waiver of appellate review, he argues that this court should adopt a miscarriage-of-justice exception to such waivers, apply it to this case, and review the merits of his appeal.

On the merits, Portillo-Palencia contends that the two-level increase for victim injury should not have been applied in computing his sentence due to Officer Castanuela's lack of visible injury or medical attention.  He further contends that the other officers' injuries during the assault cannot be

No. 20-10493

considered in assessing his offense level because those injuries were not proven to result causally from his criminal conduct. Therefore, he argues, his sentence was a miscarriage of justice and plainly erroneous. The government counters that the other officers' injuries arose out of the same conduct for which Portillo-Palencia was convicted and that Portillo-Palencia's conduct nonetheless was the type that would typically inflict injury. As such, the government argues there was no miscarriage of justice in sentencing, and thus no error.

## DISCUSSION

This Court conducts a de novo, two-step inquiry to determine whether appellate review is barred by a waiver in a plea agreement, asking: "(1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005) (citing *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005)) (holding that "[b]ecause [the defendant] indicated that he read and understood the agreement, which include[d] an explicit, unambiguous waiver of appeal, the waiver was both knowing and voluntary"); *see also United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002).

In this case, Portillo-Palencia affirmed that both the plea agreement and the appeal waiver were knowing and voluntary. Further, the appeal waiver applies to this case based on its plain language. Portillo-Palencia thus waived his rights to appeal, except to challenge an arithmetic error at sentencing, a sentence exceeding the statutory maximum, the voluntariness of the plea agreement, or to assert claim of ineffective assistance of counsel. Portillo-Palencia does not raise any issue within these enumerated exceptions. Therefore, the plain language of the plea agreement applies to bar appellate review.

Notwithstanding his valid appeal waiver, Portillo-Palencia contends that this court should join six other circuits in adopting a miscarriage-of-justice exception to the waiver and reach the merits of his appeal. *See United States v. Adkins*, 743 F.3d 176, 192–93 (7th Cir. 2014); *United States v. Guzman*, 707 F.3d 938, 941 (8th Cir. 2013); *United States v. Guillen*, 561 F.3d 527, 531 (D.C. Cir. 2009); *United States v. Shockey*, 538 F.3d 1355, 1357 (10th Cir. 2008); *United States v. Khattak*, 273 F.3d 557, 559–63 (3d Cir. 2001); *United States v. Teeter*, 257 F.3d 14, 21–27 (1st Cir. 2001). But we conclude that it is unnecessary to address whether this court should adopt such an exception because, in any event, Portillo-Palencia has failed to show a miscarriage of justice in this case.

Specifically, Portillo-Palencia argues that, because he only pled guilty to the assault of Officer Castanuela, the district court's consideration of other officers' injuries as "relevant conduct" in determining his sentencing offense level was a miscarriage of justice. Under the Sentencing Guidelines, courts may consider "relevant conduct" in sentencing, including "'all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant,' as long as those actions 'occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.'" *United States v. Vega-Ruiz*, 775 F. App'x 148, 151 (5th Cir. 2019) (per curiam) (quoting U.S.S.G. § 1B1.3(a)(1)(A)). Portillo-Palencia contends that relevant conduct must be criminal. In turn, he asserts that the other officers' injuries were caused not by any specific criminal conduct but by his "mere noncompliance" with the guards.

Even crediting Portillo-Palencia's argument, the district court's reliance on the other officers' injuries as relevant conduct in determining his sentence does not amount to a miscarriage of justice. While this court has

declined to recognize a miscarriage-of-justice exception to an otherwise valid waiver of appellate review, we have held that "relatively standard challenge[s]" to a district court's application of the Sentencing Guidelines "would not fall within a miscarriage-of-justice exception" to circumvent an appeal waiver. *See United States v. Riley*, 381 F. App'x 315, 316 (5th Cir. 2010) (per curiam). Because Portillo-Palencia raises, in essence, no more than a "relatively standard challenge" to the district court's application of the Sentencing Guidelines, we conclude that no miscarriage of justice occurred here.

Moreover, Portillo-Palencia fails to establish that the district court's alleged error in sentencing would succeed under even the most generous miscarriage-of-justice tests utilized by other circuits. For example, the Tenth Circuit weighs four factors to determine unenforceability of an appeal waiver due to a miscarriage of justice, namely, whether: "(1) the district court relied on an impermissible factor such as race; (2) ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful." *United States v. Cudjoe*, 634 F.3d 1163, 1167 (10th Cir. 2011) (internal quotations and citations omitted); *cf. United States v. Teeter*, 257 F.3d 14, 26 (1st Cir. 2001) (considering "the clarity of the error, its gravity, its character . . . , the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result"). Portillo-Palencia fails to show how his sentence would be different but for the alleged miscarriage of justice, and he articulates no constitutional violation or reliance on any impermissible factor (such as race) in his sentencing. His argument thus falls well short of meeting any of the grounds recognized by other circuits for disregarding his valid, applicable, and enforceable waiver of appellate review.

No. 20-10493

## CONCLUSION

Because Portillo-Palencia fails to show that any miscarriage of justice occurred in his sentencing, we need not address whether his otherwise valid waiver of appellate review would be unenforceable on such a basis.  Because the waiver is valid, we do not reach the merits of Portillo-Palencia's contention that the district court committed plain error during sentencing.

The judgment of the district court is AFFIRMED.