# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2021

Lyle W. Cayce
Clerk

No. 21-10260
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GREGORY JEAN-LOUIS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-107-1

Before OWEN, *Chief Judge*, SOUTHWICK and WILSON, *Circuit Judges*.

PER CURIAM:*

Gregory Jean-Louis pleaded guilty to conspiracy to commit bank fraud. In the plea agreement, Jean-Louis waived his right to appeal or collaterally attack his sentence. He was sentenced to 240 months in prison and five years of supervised release.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10260

On appeal, Jean-Louis argues that the district court erred by attributing $500 for each unused debit card to calculate the amount of loss used to determine his advisory sentencing range under the Sentencing Guidelines. Jean-Louis concedes that he waived his right to appeal his conviction and sentence as part of his plea agreement and that the waiver is valid and enforceable. However, he argues that this court should apply a miscarriage-of-justice exception and permit his appeal to proceed. The Government seeks to enforce the waiver.

Although some other circuits have recognized the possibility of a miscarriage-of-justice exception to appeal waivers, "we have declined explicitly either to adopt or to reject it." *United States v. Barnes*, 953 F.3d 383, 389 (5th Cir.), *cert. denied*, 141 S. Ct. 438 (2020). Nevertheless, Jean-Louis's standard challenge to the district court's application of the Sentencing Guidelines does not present an assertion of a miscarriage of justice sufficient to support an exception to an appeal waiver, even if we were to adopt such an exception. *See United States v. Portillo-Palencia*, 837 F. App'x 286, 290 (5th Cir. 2020) (unpublished) (per curiam); *United States v. Riley*, 381 F. App'x 315, 316 (5th Cir. 2010) (unpublished) (per curiam).[1]

Jean-Louis's enforceable appeal waiver bars this appeal. *See United States v. Story,* 439 F.3d 226, 230-31, 230 n.5 (5th Cir. 2006); *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

AFFIRMED.

---

[1] Although unpublished decisions such as these are not binding precedent, they "may be considered as persuasive authority." *United States v. Garner*, 969 F.3d 550, 553 n.12 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1439 (2021).