# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 20, 2023

Lyle W. Cayce
Clerk

No. 22-50189
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Antonio Torres Marrufo,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-849-6

_____

Before Barksdale, Stewart, and Ho, *Circuit Judges*.

Per Curiam:[*]

Jose Antonio Torres Marrufo appeals his below-Guidelines 480-months' sentence for: conspiracy to conduct the affairs of an enterprise through a pattern of racketeering activity; conspiracy to kill in a foreign country; and kidnapping. *See* 18 U.S.C. §§ 956, 1201, 1962(d). He pleaded

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50189

guilty pursuant to a written plea agreement which included, *inter alia*, an appeal waiver, which has two exceptions not applicable to this appeal.

Marrufo's Guidelines Sentencing range was life imprisonment. In sentencing, the court accepted the first of two requests by the Government for a downward departure to reach the above-stated 480-months' sentence. Marrufo maintains the court erred by rejecting the second request, which would have resulted in a 420-months' sentence.

The Government seeks to enforce the appeal waiver. Marrufo contends the waiver should not be enforced because a miscarriage of justice will result if he cannot challenge the substantive reasonableness of his sentence. He does not claim his waiver was unknowing or involuntary, nor does he claim his challenge is not within the scope of the waiver.

We review *de novo* whether an appeal waiver bars an appeal. *E.g.*, *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). Although some circuits recognize a miscarriage-of-justice exception to a valid appeal waiver, this court has "declined explicitly either to adopt or to reject it". *United States v. Barnes*, 953 F.3d 383, 388–89 (5th Cir. 2020). Even if we recognized this exception, Marrufo's "standard challenge to the district court's discretionary denial of a downward departure . . . does not present an assertion of a miscarriage of justice". *United States v. Kelly*, No. 22-10300, 2023 WL 314299, at *1 (5th Cir. 2023) (unpublished); *see also United States v. Portillo-Palencia*, 837 F. App'x 286, 290 (5th Cir. 2020); *United States v. Riley*, 381 F. App'x 315, 316 (5th Cir. 2010).

DISMISSED.