# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 28, 2025

Lyle W. Cayce
Clerk

No. 24-10176

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Carlos Y. Serna Marquez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CR-425-1

_____

Before Haynes, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Carlos Y. Serna Marquez appeals the sentence imposed following his guilty plea for conspiracy to possess with intent to distribute methamphetamine. He argues that the district court erred in denying his motion for a downward variance, which was premised on the disparity between the Sentencing Guidelines' treatment of pure methamphetamine and methamphetamine mixture. Invoking the appeal waiver in Serna

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Marquez's plea agreement, the Government contends that his appeal is barred. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006) (A "waiver of appeal is enforceable to the extent that the government invokes the waiver provision in [the] plea agreement.").

Incident to his plea, Serna Marquez agreed to waive his right to appeal his sentence or to contest it in any collateral proceeding. Serna Marquez reserved only "the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of [his] plea of guilty or this [appeal] waiver, and (c) to bring a claim of ineffective assistance of counsel."

The validity of an appeal waiver is a question of law that we review *de novo*. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). The record indicates that Serna Marquez read and understood the plea agreement, which contained an "explicit, unambiguous waiver of appeal." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Thus, his appeal waiver was knowing and voluntary. *See id.*; *United States v. Higgins*, 739 F.3d 733, 736–37 (5th Cir. 2014); *see also* FED. R. CRIM. P. 11(b)(1)(N). The record also reflects that the appeal waiver "applies to the circumstances at hand, based on the plain language of the [plea] agreement," *Higgins*, 739 F.3d at 736, as Serna Marquez's appellate issue does not fall within the waiver's stated exceptions.

Although other circuits have recognized the possibility of a "miscarriage-of-justice exception" to appeal waivers, "we have declined explicitly either to adopt or to reject it." *United States v. Barnes*, 953 F.3d 383, 389 (5th Cir. 2020). Nevertheless, Serna Marquez does not articulate any miscarriage of justice sufficient to support an exception to his appeal waiver, even if we were to entertain such an exception. *See United States v. Lara*, 23 F.4th 459, 486 (5th Cir.), *cert. denied*, 142 S. Ct. 2790 (2022)

No. 24-10176

(foreclosing arguments premised on the disparity between the Guidelines' treatment of pure methamphetamine and methamphetamine mixture); *see also United States v. Riley*, 381 F. App'x 315, 316 (5th Cir. 2010) (concluding that an appellant's "substantive claim [was] a relatively standard challenge to the district court's refusal to vary below the guidelines range that would not fall within a miscarriage-of-justice exception").

Accordingly, Serna Marquez's enforceable appeal waiver bars this appeal. The judgment of the district court is

AFFIRMED.