**Ulysses SMITH, Petitioner–Appellant,**

v.

**Frank BLACKBURN, Respondent–Appellee.**

No. 79–3457
Summary Calendar.

United States Court of Appeals, Fifth Circuit.
Unit A

Dec. 15, 1980.

Robert M. Steeg, New Orleans, La. (court–appointed), for petitioner–appellant.

J. Kevin McNary, Asst. Dist. Atty., New Orleans, La., for respondent–appellee.

Before CHARLES CLARK, REAVLEY and WILLIAMS, Circuit Judges.

PER CURIAM:

Petitioner was convicted in a Louisiana state court on May 5, 1975 of "receiving stolen things" by a unanimous five–member jury. He was also found to be a habitual offender and was sentenced to 20 years imprisonment. On appeal to the Louisiana Supreme Court, his conviction was affirmed. *State v. Nicholas*, 359 So.2d 965 (La.1978).

The issue of unconstitutionality of the five–member jury was raised on direct appeal to the Louisiana Supreme Court by petitioner's co–defendant, but was rejected by that Court. In *Ballew v. Georgia*, 435 U.S. 223, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978), the United States Supreme Court held that conviction of a criminal defendant before a five–member jury was unconstitutional under the Sixth Amendment to the Constitution as applied to the states by the Fourteenth. In *State v. Robinson*, 361 So.2d 864 (La.1978), the Louisiana Supreme Court held that *Ballew v. Georgia* would not have retroactive application. The petitioner has not sought redress on the retroactivity of *Ballew* through state habeas corpus. Nevertheless, we find it was unnecessary for him to exhaust state remedies under the doctrine announced in *Layton v. Carson*, 479 F.2d 1275 (5th Cir. 1973).

Respondent argues that federal habeas corpus relief is barred because petitioner elected to be tried by a five–member jury rather than a six–member jury after being informed of his right to so choose. We find no waiver in this case. A waiver is "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). Despite the respondent's insistence that petitioner should have been able to anticipate the Supreme Court's holding in *Ballew* three years down the road, petitioner clearly did not waive a "known right or privilege." In fact, petitioner was forced to choose between what were to become two unconstitutional choices: a five–member jury, held unconstitutional in *Ballew*, or a six–member jury where the concurrence of five members could support a conviction, also held unconstitutional in *Burch v. Louisiana*, 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979).

The dispositive issue in this case has recently been decided by this court. *See Thomas v. Blackburn*, 623 F.2d 383 (5th Cir. 1980). Therefore, the judgment of the district court is reversed, and the cause is remanded with instructions to issue the writ of habeas corpus.

REVERSED AND REMANDED.