# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60497

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

MICHAEL JAMES BARNES,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi

Before JOLLY, SMITH, and STEWART, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Per a plea agreement, Michael Barnes pleaded guilty, waived his right to challenge his conviction and sentence (both directly and collaterally), and was sentenced under the Armed Career Criminal Act ("ACCA"). Then in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Court held ACCA's residual clause unconstitutional. Based on *Johnson*, Barnes filed a 28 U.S.C. § 2255 motion to vacate his sentence. The district court dismissed his challenge, and

No. 18-60497

Barnes appeals. Because Barnes's petition is barred by the collateral-review waiver in his plea agreement, we dismiss the appeal.

## I.

In July 2013, Barnes pleaded guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The plea agreement identified four of Barnes's past convictions that constituted either "violent felon[ies]" or "serious drug offense[s]," which triggered ACCA's mandatory minimum sentence of fifteen years. *Id*. § 924(e)(1).

As part of the plea agreement, Barnes agreed to waive his "right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255 . . . ." Barnes waived that right, among others, "in exchange for the United States Attorney entering into this Plea Agreement and accompanying Plea Agreement Supplement."[1] The district court accepted Barnes's plea and sentenced him to the fifteen-year mandatory minimum. Barnes didn't appeal.

In June 2015, the Supreme Court held that one of ACCA's clauses defining what constitutes a "violent felony"—§ 924(e)(2)(B)(ii), also called § 924(e)(2)(B)'s residual clause—was unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2557. About three months later—and notwithstanding his collateral-review waiver promising not to do so—Barnes filed a § 2255 motion challenging his sentence as "imposed in violation of the Constitution" because, after *Johnson*, he had no longer been convicted of the three necessary violent

---

[1] The U.S. Attorney agreed to recommend the fifteen-year mandatory minimum, which was a below-guidelines sentence based on Barnes's criminal history and significantly lower than the statutory maximum of life. The U.S. Attorney also agreed not to prosecute Barnes for any other conduct "arising out of any event covered by the Indictment" that Barnes disclosed before accepting the plea agreement.

No. 18-60497

felonies or serious drug offenses.  The government opposed his challenge on two grounds: (1) *Johnson* didn't apply, and thus Barnes's petition was untimely, because his sentence could be sustained under another of ACCA's definitions of "violent felony"; and (2) Barnes's collateral-review waiver barred his § 2255 petition.

The district court dismissed Barnes's petition.  The court found that (1) "Barnes previously waived his right to collaterally attack his sentence in a § 2255 motion," (2) "he failed to demonstrate that he was entitled to proceed under the auspices and parameters of [*Johnson*],"  and (3) his contention that he didn't have the requisite number of "violent felonies" was "both untimely and procedurally barred."  The court also rejected Barnes's "miscarriage of justice" contention.  The district court denied Barnes a certificate of appealability, but a judge of this court granted him one on two issues: (1) "whether Barnes's *Johnson* claims are barred by the collateral-review waiver" and (2) "whether the district court erred by dismissing the § 2255 motion as time-barred based on its determination that *Johnson* did not affect his sentence under the ACCA."

## II.

We review *de novo* whether a collateral-review waiver bars an appeal.[2] We consider "(1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Kelly*, 915 F.3d 344, 348 (5th Cir. 2019).  "A waiver is knowing and voluntary if the defendant knows that he has the right to collateral review and that he is waiving it in the plea agreement."[3]

---

[2] *See United States v. Timothy Burns*, 770 F. App'x 187, 189 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 279 (2019); *see also Gaylord v. United States*, 829 F.3d 500, 505 (7th Cir. 2016) ("We review de novo the enforceability of a plea agreement's waiver of direct or collateral review.").

[3] *Timothy Burns*, 770 F. App'x at 190; see also *Kelly*, 915 F.3d 344, 348 ("For a waiver

No. 18-60497

Though we construe waivers in plea agreements narrowly, *United States v. Pleitez*, 876 F.3d 150, 156 (5th Cir. 2017), the government nonetheless "has a strong and legitimate interest in both the finality of convictions and in the enforcement of plea bargains." *United States v. Dyer*, 136 F.3d 417, 429 (5th Cir. 1998) (footnote omitted).

Before considering Barnes's contentions, it's important to identify what he *isn't* challenging. He doesn't dispute that he was aware of his right to collateral review or that he agreed to waive that right. Nor is he asserting that the language of his waiver doesn't apply to his *Johnson*-based challenge or that his waivers were tainted by ineffective assistance of counsel. Instead, he posits that his waiver is unenforceable for three reasons. First, he maintains that "a defendant cannot waive a right that is unknown at the time that the waiver provision is executed." Second, relying on *United States v. Torres*, 828 F.3d 1113 (9th Cir. 2016), he avers that he can't waive his right to challenge an illegal or unconstitutional sentence. And finally, we could adopt a "miscarriage of justice" exception and refuse to enforce his waiver on that ground.

Unfortunately for Barnes, we already confronted—and rejected—each of those positions in *Timothy Burns*, 770 F. App'x at 190–91. Barnes acknowledged as much in his reply brief. Though *Timothy Burns* is unpublished, "we may consider the opinion as persuasive authority." *Light-Age, Inc. v. Ashcroft-Smith*, 922 F.3d 320, 322 n.1 (5th Cir. 2019) (per curiam). And given the strong support that its reasoning finds in our caselaw, *Timothy Burns* is instructive.

## A.

Barnes's contention that he couldn't have waived a right that was

---

to be knowing and voluntary, a defendant must know that he had a right to appeal his sentence and that he was giving up that right." (cleaned up)).

unknown at the time of his waiver is foreclosed by *United States v. Creadell Burns*, 433 F.3d 442 (5th Cir. 2005). There, the defendant pleaded guilty, waived his right to appeal, and was sentenced under the then-mandatory sentencing guidelines. *Id.* at 443–44. After the Supreme Court held that the mandatory guidelines violated the Sixth Amendment,[4] Creadell Burns contended that he couldn't have waived his right to assert a *Booker*-based challenge on appeal because that case hadn't yet been decided when he entered his plea. *See id.* at 446–47. We rejected that position, holding instead that "an otherwise valid appeal waiver is not rendered invalid, or inapplicable to an appeal seeking to raise a *Booker* . . . issue (whether or not that issue would have substantive merit), merely because the waiver was made before *Booker*." *Id.* at 450–51. Said differently, "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Brady v. United States*, 397 U.S. 742, 757 (1970).

Barnes attempts to discount *Creadell Burns* by contending that it either conflicts with or was called into doubt by (1) *Smith v. Blackburn*, 632 F.2d 1194 (5th Cir. Unit A 1980) (per curiam), (2) *United States v. Wright*, 681 F. App'x 418 (5th Cir. 2017) (per curiam), (3) three orders from the Southern District of Mississippi,[5] and (4) *United States v. McBride*, 826 F.3d 293 (6th Cir. 2016). None of those efforts is persuasive.

In *Smith*, 632 F.2d at 1195, a Louisiana defendant was offered two

---

[4] *United States v. Booker*, 543 U.S. 220, 243–44 (2005) (opinion of Stevens, J.) (holding that the mandatory guidelines violated the Sixth Amendment); *id.* at 245 (opinion of Breyer, J.) (holding that provision making the guidelines mandatory was severable).

[5] *See United States v. Culpepper*, No. 3:12-CR-00118-CWR-FKB-10, 2017 WL 658777 (S.D. Miss. Feb. 15, 2017); *United States v. Tarrio*, No. 3:08-CR-00001-TSL-LRA (S.D. Miss. Mar. 13, 2017); *United States v. Craven*, 2:08-CR-00005-KS-MTP (S.D. Miss. Mar. 22, 2017).

choices: (1) a jury of six members who could convict by five votes or (2) a jury of five members who could convict by a unanimous vote. The defendant chose the latter, thereby waiving his right to the former. *Id.* After he was convicted, the Supreme Court determined that both of those options were unconstitutional.[6] On appeal of his federal habeas petition, this court held that Smith hadn't waive a "known right or privilege" because *Ballew* wasn't decided until three years after he was put to his choice. *Id.* But critically, and unlike this case, there is no indication that the defendant in *Smith* agreed to an appellate or collateral-review waiver. *Smith* is therefore inapposite.

Next, Barnes is correct that *Wright* held that "[w]here, as here, a right is established by precedent that does not exist at the time of purported waiver, a party cannot intentionally relinquish that right because it is unknown at that time." *Wright*, 681 F. App'x at 420. But *Wright*, which is unpublished, didn't cite or even consider the published opinion in *Creadell Burns*. And to the extent the decisions conflict, *Creadell Burns* controls under our rule of orderliness.[7] The same naturally holds true for the three rulings from the Southern District of Mississippi.[8]

---

[6] *See Ballew v. Georgia*, 435 U.S. 223, 245 (1978) (Blackmun, J., announcing the judgment of the Court) ("Petitioner, therefore, has established that his trial on criminal charges before a five-member jury deprived him of the right to trial by jury guaranteed by the Sixth and Fourteenth Amendments."); *Burch v. Louisiana*, 441 U.S. 130, 138 (1979) (holding that Sixth and Fourteenth Amendments required "verdicts rendered by six-person juries to be unanimous").

[7] *See Jacobs v. Nat'l Drug Intell. Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008) ("It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court."); *see also Dick v. Colo. Hous. Enters., L.L.C.*, 872 F.3d 709, 711–12 (5th Cir. 2017) (per curiam) (refusing to apply an unpublished decision when doing so would conflict with a published case).

[8] Even if those decisions could call *Creadell Burns*'s rule into doubt, the reasoning undergirding them flatly doesn't. In *Culpepper*, 2017 WL 658777 at *2, the court stated only that it "denie[d] the Government's motion to dismiss and f[ound] it appropriate to reach the merits of Culpepper's motion." It offered no explanation for why it refused to enforce the

No. 18-60497

Finally, even if, hypothetically, an out-of-circuit decision could trump *Creadell Burns*, *McBride* doesn't provide any help to Barnes. In *McBride*, 826 F.3d at 295, the Sixth Circuit did find that the defendant "could not have intentionally relinquished a claim based on *Johnson*." "But the *McBride* plea agreement, unlike the one here, did not include an appeal waiver." *United States v. Morrison*, 852 F.3d 488, 491 (6th Cir. 2017). And based on that distinction, the Sixth Circuit held in *Morrison* that a defendant's appellate waiver barred his *Johnson*-based challenge, even though *Johnson* wasn't decided until after he was sentenced. *Id.*

At base, Barnes needn't have understood all the possible eventualities that could, in the future, have allowed him to challenge his conviction or sentence. His waiver only needed to be "knowing," not "all-knowing." When Barnes waived his right to post-conviction review, he was aware of the right that he was giving up. By doing so, "he assumed the risk that he would be denied the benefit of future legal developments." *Id.* Most other circuits have reached the same conclusion when considering appellate or collateral-review waivers in the context of *Johnson*-based challenges.[9]

---

collateral-review waiver. The other two decisions didn't even acknowledge whether the government tried to enforce the collateral-review waivers at all.

[9] *See, e.g.*, *United States v. Bey*, 825 F.3d 75, 82–83 (1st Cir. 2016) (enforcing appellate waiver to bar *Johnson* challenge, even after considering "miscarriage of justice" exception); *Sanford v. United States*, 841 F.3d 578, 581 (2d Cir. 2016) (per curiam) ("Sanford's collateral attack waiver therefore bars the present motion because the waiver encompasses any challenge to his sentence."); *In re Garner*, 664 F. App'x 441, 442 (6th Cir. 2016) ("[W]e must deny Garner's motion for the same reason he lost his direct appeal and his § 2255 action: Garner waived his right to challenge his sentence collaterally in his plea agreement."); *United States v. Ford*, 641 F. App'x 650, 651 (8th Cir. 2016) (per curiam) (enforcing appeal waiver to bar defendant's *Johnson* challenge); *United States v. Hurtado*, 667 F. App'x 291, 292 (10th Cir. 2016) (per curiam) ("The government unequivocally establishes that the [*Johnson*-based] appeal falls within the scope of the waiver, the waiver was knowing and voluntary, and enforcing the waiver will not result in a miscarriage of justice."). *But see Torres*, 828 F.3d at 1125 (refusing to enforce appeal waiver on the ground that such waivers don't apply "a defendant's sentence is 'illegal,' which includes a sentence that 'violates the Constitution'");

No. 18-60497

B.

Barnes's theory that he can't waive his right to challenge an illegal or unconstitutional sentence is similarly foreclosed by precedent. We have recognized only two exceptions to the general rule that knowing and voluntary appellate and collateral-review waivers are enforceable: first, ineffective assistance of counsel, *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002), and second, a sentence exceeding the statutory maximum.[10]

Barnes invokes neither exception but, instead, avers that his sentence was imposed unlawfully because, after *Johnson*, it violated the Constitution. Unfortunately for Barnes, however, that doesn't get him out from under the collateral-review waiver to which he agreed. As the *Timothy Burns* panel recognized, defendants can waive the right to challenge both illegal and unconstitutional sentences.[11] Barnes's reliance on *Torres* is misplaced. The fact that

*United States v. Cornette*, 932 F.3d 204, 210 (4th Cir. 2019) ("[W]e may review Cornette's sentencing challenge [under *Johnson*] notwithstanding the appeal waiver.").

[10] *See United States v. Leal*, 933 F.3d 426, 431 (5th Cir.), *cert. denied*, 140 S. Ct. 628 (2019). *Leal* appears to be the first published case, in this circuit, specifically to adopt that exception, but a past panel purported to adopt it in an unpublished decision. *See United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004) (per curiam). The government brought *Hollins* to the attention of the district court and Barnes in its motion to dismiss. Nonetheless, Barnes didn't cite *Hollins* or make any argument—in either his district-court briefing or on appeal—that his sentence exceeded the applicable statutory maximum. To the extent that Barnes tried to claim the benefit of *Leal* at oral argument, he had already forfeited any opportunity to do so. *Cf. Arsement v. Spinnaker Expl. Co.*, 400 F.3d 238, 247 (5th Cir. 2005) ("No authority need be cited for the rule that, generally, we do not consider an issue first raised at oral argument on appeal.").

[11] *See Timothy Burns*, 770 F. App'x at 190; *see also Kelly*, 915 F.3d at 347 (holding that defendant's appeal waiver barred court from considering his claim that the district court improperly "appl[ied] the ACCA enhancement because he lacks the requisite number of violent felony predicates"); *United States v. Keele*, 755 F.3d 752, 757 (5th Cir. 2014) ("Here, because the appeal waiver in Keele's signed, written plea agreement waived his right to appeal his sentence with only three specific exceptions, none of which apply here, we conclude that his Eighth Amendment claims are also waived." (footnote omitted)); *United States v. Portillo-Munoz*, 643 F.3d 437, 442 (5th Cir. 2011) (holding that defendant's appellate waiver barred challenge to statute of conviction on Fifth Amendment grounds, because his plea agreement reserved only his right to challenge the statute on Second Amendment grounds);

No. 18-60497

Ninth Circuit caselaw runs counter to ours doesn't empower us to refuse to apply binding precedent.

## C.

Finally, Barnes spends two paragraphs suggesting that we can refuse to enforce his waiver by applying a "miscarriage of justice" exception. Though some other circuits recognize such an exception, we have declined explicitly either to adopt or to reject it. *See United States v. Ford*, 688 F. App'x 309, 309 (5th Cir. 2017) (per curiam). Barnes does not, however, (1) explain the proper scope of that exception, (2) cite any cases purporting to do so, or (3) detail how and why it should apply to his case.[12] By only briefly alluding to that theory, Barnes has waived any contention that such an exception applies. *See United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010). When confronted with a similarly phrased argument, the *Timothy Burns* panel, 770 F. App'x at 191, reached the same conclusion.

Barnes's § 2255 motion is barred by his collateral-review waiver. The appeal is DISMISSED.

---

*United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992) ("After waiving her right to appeal, the district court could err in its application of the Sentencing Guidelines or otherwise impose an illegal sentence. . . . Yet, the defendant, who has waived her right to appeal, cannot appeal these errors.").

[12] Barnes states merely that "[m]any defendants" have had their sentences reduced under *Johnson* and that it would be "patently unjust and unfair" to deny him relief because he agreed to a collateral-review waiver. But he doesn't offer any explanation of why it's unfair to treat defendants who agree to waive their rights differently from those who don't.

No. 18-60497

E. GRADY JOLLY, Circuit Judge, dissenting:

I dissent because I respectfully disagree with the majority's disregarding a binding and precedential decision of this court: *United States v. Leal*, 933 F.3d 426 (5th Cir. 2019).

The majority dismisses Appellant's *Leal* argument on the grounds that he did not raise it in the district court nor in his briefing to this court. *See* footnote 10 ("To the extent that Barnes tried to claim the benefit of *Leal* at oral argument, he had already forfeited any opportunity to do so."). A flimsy reason indeed when *Leal* had not been decided at the time of briefing in the district court or in this court. Yet the majority thus holds that by failing in his briefing to cite *Leal*—which was impossible for Barnes or anyone else to have known— Barnes somehow "forfeited" the right to raise *Leal* at oral argument.

"Forfeiture is the failure to make the timely assertion of a right." *United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006). Yet, at oral argument was timely here. Even assuming a forfeiture, however, "[f]orfeited errors are reviewed under the plain error standard." *Id.* The majority, nevertheless, fails to apply plain error review to Barnes's *Leal* claim, effectively treating it as waived. "[W]aiver is the intentional relinquishment of a known right." *Id.* I repeat myself to say that at the time of briefing, *Leal* was not a known right. In short, I would join Judge Smith and his panel in *DSC Commc'ns Corp. v. Next Level Commc'ns*, 107 F.3d 322 (5th Cir. 1997), which said it was "unwilling to . . . perpetuate incorrect law, merely because [a precedent] was decided after briefing . . . in this case." *Id.* at 326 n.2.

It would seem to me that the panel is obligated to address *Leal* as it applies to this case. I therefore respectfully dissent.

10