# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 15, 2021

Lyle W. Cayce
Clerk

No. 20-10642
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Ronald David McCalister, Jr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:20-CR-59-1

Before King, Smith, and Haynes, *Circuit Judges*.

Per Curiam:*

Ronald McCalister, Jr., pleaded guilty of enticement of a child in violation of 18 U.S.C. § 2422(b), that is, using a means of interstate commerce to attempt to persuade, induce, and entice a minor to engage in sexual activity for which any person can be criminally charged. The district court sentenced

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10642

McCalister within the guidelines range to 235 months of imprisonment and 15 years of supervised release.

For the first time, McCalister contends that the district court plainly erred by applying U.S.S.G. § 4B1.5 to enhance his sentence because his prior Texas conviction did not qualify as a "sex offense conviction" within the meaning of § 4B1.5. The government argues that the appeal is barred by the appeal waiver in the plea agreement and that the appeal should be dismissed on that basis.

We review *de novo* whether an appeal waiver bars an appeal. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). We consider "(1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

McCalister does not maintain that his appeal waiver was not knowing and voluntary or that it does not apply to his guidelines challenge. Rather, he avers that we should adopt a miscarriage-of-justice exception and address his argument on the merits.

We have repeatedly declined to adopt, or to reject, a miscarriage-of-justice exception to the enforcement of an appeal waiver. *See United States v. Barnes*, 953 F.3d 383, 389 (5th Cir.), *cert. denied*, 141 S. Ct. 438 (2020). We need not resolve the issue here, because McCalister fails to show that his challenge to the § 4B1.5 enhancement should be allowed to proceed even if such an exception existed.

Accordingly, the motion is GRANTED, and the appeal is DISMISSED.