# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2021

Lyle W. Cayce
Clerk

No. 21-60222
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KEVIN VINCENT ELLIS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
No. 1:20-CR-98-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.
PER CURIAM:*

Kevin Ellis appeals the 90-month within-guidelines sentence imposed for possession of a firearm as a felon. He contends that his offense level was erroneously enhanced by four for his possessing the firearm in connection with another felony offense. Seeking to enforce the waiver of appeal in Ellis's

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-60222

plea agreement, the government moves to dismiss the appeal or, in the alternative, for summary affirmance.

Whether an appeal waiver bars an appeal is a question this court reviews *de novo*. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). The question turns on "a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

The record reflects that both those conditions are met here. Ellis maintains that the court should apply a miscarriage-of-justice exception and disregard the waiver. "Though some other circuits recognize such an exception, we have declined explicitly either to adopt or to reject it." *United States v. Barnes*, 953 F.3d 383, 389 (5th Cir.), *cert. denied*, 141 S. Ct. 438 (2020). We do not do so now.

Accordingly, the motion to dismiss is GRANTED, the alternative motion for summary affirmance is DENIED, and the appeal is DISMISSED.