# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 4, 2022

Lyle W. Cayce
Clerk

No. 21-60550

United States of America,

*Plaintiff—Appellee*,

*versus*

Terrance Carvell Guinn,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:99-CR-8-1

Before Davis, Willett, and Oldham, *Circuit Judges*.

Per Curiam:*

Terrance Carvell Guinn pleaded guilty in 1999 to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The predicate felony was Guinn's 1997 Louisiana conviction for possession of a controlled substance with intent to distribute. As part of his plea agreement, Guinn waived the right to contest the conviction or sentence

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60550

in any post-conviction proceeding. In 2020, after Guinn had fully discharged his federal sentence, the State of Louisiana expunged his 1997 drug conviction. Guinn initiated this postconviction proceeding shortly thereafter, seeking a writ of audita querela vacating his federal conviction based on the expungement of the predicate felony. He wanted his § 922(g)(1) conviction set aside so that he could obtain occupational and professional licenses through the Securities and Exchange Commission.

The district court denied relief, holding that the collateral review waiver incorporated into Guinn's plea agreement precluded his challenge and that, even absent a waiver, Guinn would not be entitled to relief on the merits because the expungement did not invalidate his federal felon-in-possession conviction. Guinn then filed a motion for reconsideration under FED. R. CIV. P. 59(e), repeating his earlier arguments for postconviction relief. The district court denied the motion.

Guinn appeals the district court's denials of his petition for a writ of audita querela and motion for reconsideration. The government, for its part, moves to dismiss the appeal or, alternatively, for summary affirmance. For the reasons explained below, we hold that this action is barred by Guinn's collateral-review waiver and DISMISS the appeal.

*        *        *

Guinn seeks postconviction relief in the form of a writ of audita querela. This common-law procedural device is used to challenge an initially valid judgment that has become invalid due to a legal defect that arose after its rendition. *See United States v. Miller*, 599 F.3d 484, 487 (5th Cir. 2010). While the writ of audita querela has been expressly abolished in civil cases, we have "acknowledged, with some reservation, that the writ . . . might . . . survive in criminal adjudications, if there is a gap for it to fill." *Id.* at 488.

No. 21-60550

We need not decide whether the writ is generally available in criminal cases, however, because we conclude that Guinn's waiver of his right to seek postconviction relief bars his present action seeking audita querela relief. Guinn, as part of his plea agreement, "expressly waive[d] the right to contest the conviction and/or sentence or the manner in which the conviction was imposed in any post-conviction proceeding, including but not limited to a motion brought under § 2255, Title 28, United States Code . . . ." A collateral-review waiver of this type is enforceable if it "was knowing and voluntary," and "applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Barnes*, 953 F.3d 383, 386 (5th Cir. 2020) (quoting *United States v. Kelly*, 915 F.3d 344, 348 (5th Cir. 2019)).

Guinn does not deny that he knowingly and voluntarily waived his right to seek postconviction relief. Instead, he argues that the waiver does not bar this postconviction proceeding. We disagree. Guinn seeks a writ of audita querela setting aside his 1999 conviction. In doing so, he is inarguably attempting to "contest [that] conviction . . . in a[] post-conviction proceeding"—which, by the plain language of his plea agreement, he surrendered the right to do. *See Dong Qi Ming v. United States*, 2013 WL 2397674, at *5 (S.D.N.Y. May 31, 2013) (collateral-review waiver barred challenge to conviction via writ of audita querela). Indeed, we held in an earlier case that Guinn's plea agreement barred an attempt to challenge his conviction via the writ of coram nobis. *See United States v. Guinn*, 310 F. App'x 693, 694 (5th Cir. 2009). We see no reason why the same waiver would not also bar a similar challenge by way of a writ of audita querela. Moreover, Guinn's waiver is enforceable even though he seeks to set aside his conviction based on a legal development (expungement of his predicate conviction) that occurred after he waived his right to seek postconviction relief. *See United States v. Burns*, 433 F.3d 442, 446–51 (5th Cir. 2005).

3

No. 21-60550

Finally, Guinn argues that even if his collateral-review waiver is valid and bars his petition for a writ of audita querela, we should decline to enforce the waiver because doing so would result in a miscarriage of justice. While some circuits have recognized a miscarriage-of-justice exception to the enforceability of collateral-review waivers, *see, e.g.*, *United States v. Cudjoe*, 634 F.3d 1163, 1167 (10th Cir. 2011), this court has thus far "declined explicitly either to adopt or to reject it," *Barnes*, 953 F.3d at 389. We need not determine the validity of such an exception here because Guinn's briefing of the issue, which consists of some conclusory statements that enforcing the waiver would result in a miscarriage of justice, is plainly inadequate, in that he does not "explain the proper scope of th[e] exception, . . . cite any cases purporting to do so, or . . . detail how and why it should apply to his case." *Id.* "By only briefly alluding to that theory," Guinn has forfeited "any contention that [the miscarriage-of-justice] exception applies." *Id.*

\*       \*       \*

Because Guinn waived his right to bring this postconviction challenge, this appeal is DISMISSED.