# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 5, 2022

Lyle W. Cayce
Clerk

No. 21-10812
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOHNNY ROY RODRIGUEZ, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-339-23

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Johnny Roy Rodriguez, Jr., pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine. Shortly before sentencing, he moved to withdraw his guilty plea, which the district court

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

denied without a hearing.  He ultimately was sentenced to 480 months of imprisonment.

In his first issue on appeal, Rodriguez challenges the district court's decision denying his withdrawal motion.  A defendant may withdraw a guilty plea after it has been accepted by the district court but before sentencing if he shows a "fair and just reason" for seeking withdrawal.  FED. R. CRIM. P. 11(d)(2)(B).  Although Rodriguez generally waived his right to appeal as part of a plea agreement, because the Government does not seek to enforce the waiver as to this issue, *see United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006), we review the denial of the motion to withdraw the plea for an abuse of discretion, *United States v. Strother*, 977 F.3d 438, 443 (5th Cir. 2020).  Our review of the record, Rodriguez's arguments, and the factors originally set forth in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984), shows no abuse of discretion by the district court in denying Rodriguez's motion to withdraw his plea.  *See Strother*, 977 F.3d at 443-47. Therefore, the denial of his motion is affirmed.

Rodriguez also contends that the imposition of a sentence of 480 months, which was a guidelines sentence, was greater than necessary under 18 U.S.C. § 3553(a).  The Government argues that Rodriguez's substantive reasonableness challenge to his sentence is barred by the waiver of appeal provision and that this portion of his appeal should be dismissed.  We review de novo whether an appeal waiver bars an appeal.  *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014).  First, we consider whether the waiver was knowing and voluntary and, second, we consider whether the plain language of the waiver applies to the issues to be raised on appeal.  *Id.*

For a waiver to be knowing and voluntary, a defendant must know that he had a right to appeal and that he was giving up that right.  *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994).  Based on the plea agreement and

the advice he received at rearraignment, Rodriguez's waiver was knowing and voluntary. *See id.* Next, Rodriguez generally waived his right to appeal his conviction and sentence, with certain exceptions that do not apply to the issue he raises. Based on the plain language of the plea agreement, the appeal waiver bars this challenge to his sentence. *See Keele*, 755 F.3d at 754. Therefore, this portion of his appeal is dismissed. *See Story*, 439 F.3d at 230-31 & n.5.

Rodriguez briefly argues that, despite the appeal waiver, he should be allowed to appeal his 480-month sentence "in the interest of justice." Although he does not cite any caselaw in support, some circuits do recognize a "miscarriage of justice" exception. *United States v. Barnes*, 953 F.3d 383, 389 (5th Cir. 2020). We have declined to explicitly adopt or reject this exception. *Id.* In addition, because Rodriguez has "only briefly allud[ed] to that theory," we conclude that he "has waived any contention that such an exception applies." *Id.*

AFFIRMED IN PART; DISMISSED IN PART. Rodriguez's pro se motion to appoint new counsel is DENIED as untimely. *See United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998).