# United States Court of Appeals for the Fifth Circuit

––––––––––––

No. 22-10300
Summary Calendar

––––––––––––

United States Court of Appeals
Fifth Circuit

**FILED**

January 19, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Demonte Tretion Kelly,

*Defendant—Appellant*.

––––––––––––––––––––––––––––

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-300-1

––––––––––––––––––––––––––––

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

    Demonte Tretion Kelly pleaded guilty, pursuant to a plea agreement, to one count of stealing a firearm from the business inventory of a federally licensed dealer. The district court sentenced him to 100 months of imprisonment and three years of supervised release. On appeal, Kelly urges us to adopt a miscarriage-of-justice exception to the appeal waiver in his plea agreement, and he argues that the district court's denial of his request for a

––––––––––––––––––––

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10300

downward departure pursuant to U.S.S.G. § 5H1.3 was an injustice because the court erroneously believed that it lacked authority to grant the departure. Kelly alternatively argues that we have jurisdiction to review the district court's denial of his motion for a downward departure, although he acknowledges that the issue is foreclosed.

As an initial matter, Kelly has moved unopposed to permit the Federal Public Defender (FPD) to withdraw as his counsel and to appoint Jessica Graf as substitute counsel pursuant to the Criminal Justice Act (CJA). Appointed counsel may be relieved "upon a showing that there is a conflict of interest or other most pressing circumstances or that the interests of justice otherwise require relief of counsel." Fifth Circuit Plan Under the Criminal Justice Act § 5(B); *see* 18 U.S.C. § 3006A(c). The required showing has been made. Accordingly, the motion to withdraw and to substitute Graf as counsel pursuant to the CJA is GRANTED. The FPD is excused from further responsibilities in this case.

Whether an appeal waiver bars an appeal is a question we review de novo. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). The question turns on "a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Kelly does not argue that his appeal waiver was entered into unknowingly or involuntarily, or that the waiver does not apply to his challenge. Although some other circuits have recognized the possibility of a miscarriage-of-justice exception to appeal waivers, "we have declined explicitly either to adopt or to reject it." *United States v. Barnes*, 953 F.3d 383, 389 (5th Cir. 2020). Nevertheless, Kelly's standard challenge to the district court's discretionary denial of a downward departure and its alleged error in construing the Sentencing Guidelines does not present an assertion of a miscarriage of justice sufficient to support an exception to an

No. 22-10300

appeal waiver, even if we were to adopt such an exception. Accordingly, Kelly's enforceable appeal waiver bars this appeal. *See United States v. Story*, 439 F.3d 226, 230-31 & n.5 (5th Cir. 2006); *Bond*, 414 F.3d at 544.

AFFIRMED.