# United States Court of Appeals for the Fifth Circuit

---

No. 22-40812
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
July 25, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

John Carl Ferrell, M.D.,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CR-167-1

---

Before Davis, Ho, and Wilson, *Circuit Judges*.

Per Curiam:[*]

John Carl Ferrell pleaded guilty, pursuant to a written plea agreement with an appeal waiver, to one count of conspiracy to possess with the intent to distribute and dispense and distributing and dispensing of controlled substances, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(B). Following the Supreme Court's decision in *Ruan v. United States*, 142 S. Ct.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

2370 (2022), Farrell filed a motion to withdraw his plea. The district court denied his motion and sentenced him to a 96-month term of imprisonment.

On appeal, Ferrell argues that the district court erred in denying his motion to withdraw his guilty plea, and requests that his case be remanded to the district court with instructions to do so. He contends that it was an error for the district court to look at the transcript of his plea colloquy, and specifically his actual admitted behavior, in denying his motion to withdraw his plea. Farrell asserts that enforcing the plea agreement would result in a miscarriage of justice.

We review whether an appeal waiver bars an appeal de novo. *United States v. Keele,* 755 F.3d 752, 754 (5th Cir. 2014). When deciding "whether an appeal of a sentence is barred by an appeal waiver provision in a plea agreement, we conduct a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

An appeal "waiver is both knowing and voluntary if the defendant indicates that he read and understood the agreement and the agreement contains an explicit, unambiguous waiver of appeal." *United States v. Kelly*, 915 F.3d 344, 348 (5th Cir. 2019). The record shows that Farrell read and reviewed the plea agreement with counsel, and that the terms of the plea are clear and unambiguous. Accordingly, his plea was knowing and voluntary. *See id.*

His plea agreement waived his right to appeal his conviction on all grounds, reserving only the right to bring an appeal if the district court sentenced him outside the terms of the agreement or to bring a claim of ineffective assistance of counsel. It therefore applies to the current circumstance, which does not implicate either scenario. *See Bond*, 414 F.3d

at 544.  Regarding his contention that enforcing the appeal waiver would result in a miscarriage of justice, we have "declined explicitly either to adopt or to reject" a miscarriage-of-justice exception to the enforceability of appeal waivers.  *United States v. Barnes*, 953 F.3d 383, 389 (5th Cir. 2020).

Because the waiver is knowing and voluntary and applies to Farrell's challenge based on the plain language of the plea agreement, *see Bond*, 414 F.3d at 544, and because we have not explicitly recognized a miscarriage-of-justice exception, the appeal is DISMISSED.