# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-10459
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
December 11, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

AYOOB WALI,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-207-1

_____

Before BARKSDALE, ENGELHARDT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Ayoob Wali pleaded guilty pursuant to a written plea agreement to unlawful possession of a machinegun, in violation of 18 U.S.C. §§ 922(o) (prohibiting possession), 924(a)(2) (limiting imprisonment to "not more than 10 years"). His written plea agreement included an appeal waiver, with exceptions not at issue in this instance.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

Wali challenges his within-Guidelines 71-months' imprisonment sentence. He contends the district court violated the Second Amendment by applying an enhanced base offense level of 20 pursuant to its finding he was a "prohibited person" under Sentencing Guideline § 2K2.1(a)(4)(B) (outlining base offense level for possession of firearms). Wali also requests our court recognize and apply a miscarriage-of-justice exception to the otherwise valid appeal waiver.

The Government seeks to enforce the waiver. We turn first to that issue.

Whether an appeal waiver bars an appeal is a question our court reviews *de novo*. *E.g.*, *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). The question turns on "a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement". *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

Wali does not dispute he knowingly and voluntarily waived his right to appeal his conviction and sentence; accordingly, the appeal waiver is valid and enforceable. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) ("Because [defendant] indicated that he had read and understood the plea agreement, which includes an explicit, unambiguous waiver of appeal, the waiver was both knowing and voluntary."). He also does not contest that, by its terms, the waiver applies to his claim that Guideline § 2K2.1(a)(b)(4) was applied in error.

Instead, as noted *supra*, he requests we recognize and apply a miscarriage-of-justice exception to the waiver. Our court has "declined explicitly either to adopt or to reject" this exception. *United States v. Barnes*, 953 F.3d 383, 389 (5th Cir. 2020). In any event, even if this exception were

to apply, Wali has not shown a miscarriage of justice.  *See, e.g.*, *United States v. Portillo-Palencia*, 837 F. App'x 286, 289–91 (5th Cir. 2020).

DISMISSED.