# United States Court of Appeals for the Fifth Circuit

————————

No. 23-10746
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 26, 2024

Lyle W. Cayce
Clerk

Troy Anthony Smocks,

*Petitioner—Appellant*,

*versus*

United States of America,

*Respondent—Appellee*.

————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2662

————————————————————————

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Troy Anthony Smocks, former federal prisoner # 05582-041, appeals the dismissal of his 28 U.S.C. § 2241 petition challenging his conviction for making threats in interstate communications in violation of 18 U.S.C.

———————————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 23-10746

§ 875(c). We need not reach his arguments, however, because he waived his right to make them.

On September 13, 2021, Smocks signed a plea agreement and, on September 29, pled guilty to a violation of § 875(c). The plea agreement waived Smocks's "Appeal Rights" and right to "Collateral Attack[s]" of his conviction. The waiver provided, in relevant part:

> [Smocks] . . . waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in *any* collateral attack, *including, but not limited to*, a motion brought under 28 U.S.C. § 2255 . . . except to the extent such a motion is based on newly discovered evidence or on a claim that [he] received ineffective assistance of counsel."

"[A]n informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). We review the effectiveness of such a waiver de novo. *United States v. Barnes*, 953 F.3d 383, 386 (5th Cir. 2020). "We consider '(1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement.'" *Ibid.* (quoting *United States v. Kelly*, 915 F.3d 344, 348 (5th Cir. 2019)). "A waiver is knowing and voluntary if the defendant knows that he has the right to collateral review and that he is waiving it in the plea agreement." *Id.*

Smocks offers no evidence that his waiver was not knowing or voluntary. And his petition presents no new evidence and expressly disclaims any ineffective assistance of counsel claim, so his petition clearly falls under the "plain language" of his plea agreement. *See Barnes*, 953 F.3d at 386. His collateral review waiver therefore bars his petition. Accordingly, the judgment of the district court dismissing Smocks's § 2241 petition is AFFIRMED.