# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-11102
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 18, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ADAM CONTRERAS,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-43-1

---

Before WIENER, STEWART, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Adam Contreras pleaded guilty, pursuant to a written plea agreement, to possessing with the intent to distribute a controlled substance. The district court sentenced him to 240 months of imprisonment and three years of supervised release. On appeal, Contreras argues that the district court committed plain error by not allowing him the opportunity to allocute at

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-11102

sentencing, in violation of Federal Rule of Criminal Procedure 32(i)(4)(A)(ii). Though Contreras's plea agreement contains an appellate waiver, he argues that this court should not enforce the appeal waiver under a miscarriage-of-justice exception.

Whether an appeal waiver bars an appeal is a question we review de novo. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). Although some other circuits have recognized the possibility of a miscarriage-of-justice exception to appeal waivers, "we have declined explicitly either to adopt or to reject it." *United States v. Barnes*, 953 F.3d 383, 389 (5th Cir. 2020). Nevertheless, Contreras has failed to explain the scope of a potential miscarriage-of-justice exception or why it should apply to his unpreserved allocution challenge. *See id.* Accordingly, Contreras's appeal waiver bars this appeal. *See United States v. Story*, 439 F.3d 226, 230-31 & n.5 (5th Cir. 2006).

APPEAL DISMISSED.