# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 21, 2024

Lyle W. Cayce
Clerk

No. 23-20455
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Goodwin,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-719-4

———————————————————

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Michael Goodwin appeals his 324-month sentence for conspiracy to advertise child pornography. He urges that the district court erred in applying a five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B) based on his distribution of child pornography in exchange for valuable consideration.

The government maintains that Goodwin knowingly and voluntarily

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

waived his right to appeal, and it seeks to enforce the appeal waiver. In response, Goodwin avers that the court should adopt and apply a miscarriage-of-justice exception to the appeal waiver. The government replies that this court has not adopted a miscarriage-of-justice exception to appeal waivers and, even if it did, it would not apply to Goodwin's standard sentencing challenge.

"This court reviews de novo whether an appeal waiver bars an appeal." *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). A defendant may waive his statutory right to appeal if the waiver (1) is knowingly and voluntarily entered and (2) "applies to the circumstances at hand, based on the plain language of the [plea] agreement." *United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014).

The record indicates Goodwin's waiver of his appellate rights was knowing and voluntary, and therefore, the appeal waiver is valid and enforceable. *See Higgins*, 739 F.3d at 736–37; *see also United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Further, the record indicates that the appeal waiver "applies to the circumstances at hand, based on the plain language of the plea agreement." *Higgins*, 739 F.3d at 736. Although Goodwin reserved the right to raise a claim of ineffective assistance, he brings a sentencing issue, which does not fall within the exception to the appeal waiver. Although some other circuit courts have recognized the possibility of a miscarriage-of-justice exception to appeal waivers, this court has "declined to explicitly either adopt or reject" it. *United States v. Barnes*, 953 F.3d 383, 389 (5th Cir. 2020).

Accordingly, Goodwin's enforceable appeal waiver bars this appeal. *See Higgins*, 739 F.3d at 736–37; *see also McKinney*, 406 F.3d at 746. The motion to dismiss is GRANTED, and the appeal is DISMISSED.