REVISED

# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2024

Lyle W. Cayce
Clerk

No. 23-10841

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Ernest Jones, III,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:23-CR-8-1

_____

Before Clement, Graves, and Ramirez, *Circuit Judges*.
Per Curiam:[*]

The opinion issued August 12, 2024 is withdrawn by the panel, and the following is issued in its place:

Jones appeals his conviction and sentence under 18 U.S.C. § 922(g)(3). Because Jones signed an appeal waiver that bars this appeal, we DISMISS.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10841

## I.

On three occasions in 2022—in February, May, and June—law enforcement conducted a traffic stop of Appellant Ernest Jones III. During each traffic stop, officers smelled a strong odor of marijuana coming from the car, and after a search of the car, officers found a loaded gun and marijuana and on two occasions found cash. After his May arrest, Jones told officers that he smoked every day and had been smoking since he was a teenager. A search of his phone revealed that Jones distributed drugs, used drugs, and possessed firearms. Then, on August 12, 2022, law enforcement officers arrived at Jones' residence and found a deceased person lying in Jones' front driveway. Jones told the officers that the deceased person shot at Jones, hitting Jones in the collar-bone, and that Jones fired back with a rifle, killing the man. Jones also admitted that ATF had denied him the right to purchase a firearm in the past.

Jones was indicted on four counts of unlawful possession of a firearm as a controlled-substance user or addict in violation of 18 U.S.C. §§ 922(g)(3), and 924(a)(2). Jones signed a plea agreement where he pled guilty to count one, § 922(g)(3), based on the February 24, 2022 traffic stop. Pursuant to the plea agreement, the government agreed not to bring any additional charges against Jones based upon the conduct underlying and related to his guilty plea, and to dismiss, after sentencing, the remaining charges pending in the indictment. In exchange, Jones waived his rights to appeal his conviction and sentence, subject to a few limited exceptions. The magistrate judge determined that Jones' guilty plea was knowing and voluntary, and the district court agreed. At sentencing, the district court adopted the presentence report (PSR) and imposed a 46-month sentence. Jones appealed.

No. 23-10841

## II.

"This court reviews *de novo* whether an appeal waiver bars an appeal." *United States v. Kelly*, 915 F.3d 344, 348 (5th Cir. 2019) (quoting *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014)).

## III.

We must first determine whether Jones can bring this appeal despite his appeal waiver. "A criminal defendant may waive his statutory right to appeal in a valid plea agreement." *Kelly*, 915 F.3d at 348 (quoting *United States v. Pleitez*, 876 F.3d 150, 156 (5th Cir. 2017)). To determine whether an appeal is barred by an appeal-waiver provision in a plea agreement, "we conduct a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *Kelly*, 915 F.3d at 348 (quoting *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005)).

A waiver is knowing and voluntary when a defendant knows "that he had a 'right to appeal his sentence and that he was giving up that right.'" *Kelly*, 915 F.3d at 348 (quoting *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994)) (citation omitted). A waiver is also both knowing and voluntary "if the defendant indicates that he read and understood the agreement and the agreement contains an 'explicit, unambiguous waiver of appeal.'" *Kelly*, 915 F.3d at 348 (citation omitted). "We apply normal principles of contract interpretation when construing plea agreements." *Id.* (citation omitted). And when evaluating "whether an appeal waiver applies to the issues presented, [we] 'ascertain the ordinary meaning of the waiver provision[.]'" *Id.* (Internal citations and citation omitted). Although "we construe waivers in

plea agreements narrowly, the government nonetheless 'has a strong and legitimate interest in both the finality of convictions and in the enforcement of plea bargains.'" *United States v. Barnes*, 953 F.3d 383, 386 (5th Cir. 2020) (internally citing *United States v. Pleitez*, 876 F.3d 150, 156 (5th Cir. 2017)) (quoting *United States v. Dyer*, 136 F.3d 417, 429 (5th Cir. 1998)).

Jones' appeal waiver states the following:

> Waiver of right to appeal or otherwise challenge sentence: The defendant waives [his] rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, and fine in an amount to be determined by the district court. The defendant further waives [his] right to contest the conviction, sentence, and fine [in any collateral proceeding], including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of any plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

Jones' waiver was both knowing and voluntary. Jones' appeal-waiver provision includes an explicit waiver of appeal except in certain limited circumstances, and Jones indicated that he read the agreement, discussed it with his attorney, understood it, and signed it. Accordingly, his waiver was knowing and voluntary. *See Kelly*, 915 F.3d at 350 (finding waiver knowing and voluntary where the record demonstrated that the defendant both read and understood the agreement, which included an explicit unambiguous waiver of appeal).

Jones' appeal waiver also applies to the circumstances at hand. Jones is appealing his conviction and sentence, but he unambiguously waived in his

No. 23-10841

plea agreement his right to appeal either one on the theories presented here. Accordingly, his appeal must be dismissed.

Notably, even if this court were to pretermit the waiver issue, Jones would still not be entitled to relief because the case upon which he relies, *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023), *vacated*, 2024 WL 3259662 (July 2, 2024), has been vacated by the Supreme Court in *United States v. Rahimi*, --- U.S. ----, 144 S. Ct. 1889 (2024).

## IV.

We DISMISS this appeal.