# United States Court of Appeals for the Fifth Circuit

No. 24-40444
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 21, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Kingsley Ita,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CR-253-1

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Kingsley Ita appeals the above-guidelines sentence for his conviction of conspiracy to commit wire fraud. He contends that the district court violated his due process rights at sentencing by relying on evidence and argument from outside his case without first giving him notice. The

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Government argues that the appeal should be dismissed because Ita's argument is barred by the appeal-waiver provision in his plea agreement.

Whether an appeal waiver bars an appeal is a question this court reviews de novo. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). The question turns on "a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). The record reflects that both conditions are met here. Ita, relying on extra-circuit cases and a Supreme Court case that is distinguishable from his own, maintains he may bring his due process challenge to his sentence despite his appeal waiver. We have rejected the argument that, absent circumstances that are not present here, a criminal defendant cannot "waive his right to challenge an illegal or unconstitutional sentence." *United States v. Barnes*, 953 F.3d 383, 388 (5th Cir. 2020).

Accordingly, the appeal is DISMISSED. Ita moves pro se to relieve appointed counsel and for the appointment of substitute counsel. That relief is not warranted here, *see* FIFTH CIRCUIT PLAN UNDER THE CRIMINAL JUSTICE ACT, § 5(B); 18 U.S.C. § 3006A(c). Ita's pro se motions are therefore DENIED.