# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 5, 2026

Lyle W. Cayce
Clerk

————————

No. 25-40315
Summary Calendar

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JONTRELL BERNEL BOLDENE,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CR-222-1

————————————————————

Before KING, HAYNES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Jontrell Bernel Boldene was sentenced to 240 months in prison with five years of supervision after pleading guilty to a drug trafficking offense. On appeal, he contends his counsel rendered ineffective assistance by filing an unfounded motion to evaluate competency instead of heeding a request to file objections to the presentence report. Boldene also contends that a

————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

subsequent hearing was not in accordance with 18 U.S.C. § 4247(d) and that the district court erred by not making a finding of competency before sentencing.

The Government has moved to dismiss based on the appeal waiver in the plea agreement. Recognizing that the waiver does not apply to Boldene's claim of ineffective assistance, the Government also moves for summary affirmance on the ground that this claim is premature. Because the record is insufficient to permit review of the adequacy of Boldene's representation, we agree that his ineffective-assistance claim is premature and pretermit it without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

The enforceability of the appeal waiver turns on "(1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Our review is de novo. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014).

Boldene does not dispute that he was competent when he entered his plea, and the record shows his appeal waiver was knowing and voluntary. *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). The waiver applies to the circumstances at hand "based on the plain language of the agreement." *Bond*, 414 F.3d at 544. Although Boldene contends he did not know of or foresee the errors he raises when he entered the agreement, this argument fails because the waiver "only needed to be 'knowing,' not 'all-knowing.'" *United States v. Barnes*, 953 F.3d 383, 388 (5th Cir. 2020). Boldene also suggests that we should apply a miscarriage-of-justice exception to the waiver. But even assuming such an exception exists, Boldene's failure to explain how it applies here waives any argument that it does. *See id.* at 389.

No. 25-40315

For the foregoing reasons, the Government's motion to dismiss is GRANTED; this appeal is DISMISSED in part as barred by the appeal waiver and DISMISSED in part without prejudice to collateral review as to the claim of ineffective assistance of counsel. The Government's motion for summary affirmance and its alternative motion for an extension of time to file a brief are DENIED AS MOOT.